## DUFF and others *v.* DUFF.

*(Circuit Court, N. D California.   August 1, 1887.)*

1. REMOVAL OF CAUSES—PREJUDICE AND LOCAL INFLUENCE—AFFIDAVIT.
   Under the third clause of section 639, Rev. St. U. S., the affidavit as to prejudice and local influence, in the case of a petition for removal by a natural person, must be made by the party in person. A removal cannot be had upon an affidavit made by his attorney, agent, or any other person on his behalf.
2. SAME—MOTION TO REMAND—WHEN MADE.
   The want of an affidavit authorizing a removal appearing on the face of the record, the mere filing of a petition and affidavit of some person, other than the party, does not work a removal under the statute; and, the record having been filed in the circuit court in such case, the motion to remand may be made after issue taken on the allegations of the petition for removal.

On Motion to Remand Cause.

*S. M. Buck,* for the motion.

*S. M. Wilson, contra.*

Before SAWYER, Circuit Judge.

SAWYER, J.   The complainants, after a hearing and decree in their favor in the superior court, and reversal of the decree by the state supreme court, on appeal, and after the case had been remanded to the court below for a new trial, filed a petition to remove the case to this court, on the ground of prejudice, and local influence, by reason of which they are not able to obtain justice in the state court, in which the suit is pending. The complainants, as appears from the bill, are the widow of William R. Duff, and not a *feme covert*, as alleged in the affidavit of prejudice, etc., and her infant daughter, represented by her guardian, W. L. Duff, who was for a long time a practicing attorney in this state. The affidavit of prejudice, etc., was not made by either of the complainants, in person, but by one of their attorneys of record. The defendants move to remand the case on the ground, that the statute only authorizes the removal on the affidavit of the parties in person, and not on the affidavit of somebody else, made on their behalf.

In this I think they are right, where the parties are natural persons, as in this case. The provision of the statute is, that a suit between a

citizen of the state in which the suit is brought, and a citizen of another state, may be removed "on the petition of the *latter*," if, within the proper time, "*he makes* and files in said state court, *an affidavit*, stating *that he* has reason to believe and *does believe*, that from prejudice or local influence *he* will not be able to obtain justice in such state court." Rev. St. § 639, cl. 3. This, in my judgment, calls for the affidavit of the party, and to extend it further would, clearly, be, as it appears to me, to interpolate into the statute the words, "or some person on his behalf." It calls for *his* affidavit, as to *his* own belief, that *he* cannot obtain justice; not for the affidavit of somebody on his behalf, that the affiant, or even the party, believes. No man can know, positively, what another's belief, really, is, and, therefore, with a proper appreciation of his position, he cannot swear, positively, as to what the other's belief is. He may have his belief upon the subject, and swear to that, but he cannot know, and, to swear, positively, to another's belief, would be to swear, recklessly, tending greatly to weaken the credibility of the affidavit. The parties can swear, positively, as to what their own belief is, and their own affidavit to their belief, is, in my judgment, called for by the statute, as it, certainly, should be in such cases. At all events, congress has not inserted the words, "or of some other party on his behalf," and the courts are not authorized to insert them. The courts, generally, hold that, under the statute, the affidavit must be as to the belief of the *party*, and not of some other affiant. If so, why should not the affidavit of the party who, alone, can know what his belief is, be required?

I am not aware that this question has been passed upon by the supreme court. In other courts the decisions are in conflict. In most of the cases, the party in whose behalf the affidavit for removal under the act has been made by others, is a corporation, which is not a sentient being, and, in the nature of things, could not make the affidavit, or even have any belief. For this reason, it has been said, on the one hand, that, in such cases, from necessity, the affidavit must be made by the officers of the corporation, on its behalf; and, on the other, that a corporation is not entitled to remove a case at all, under the third clause of section 639. And there are decisions supporting both views. It is held, however, in some of the cases recognizing the right of a corporation to remove a case, that the officers must show special authority to act in such matters. If so, why should not special authority be required in the case of a natural person? In the case of a corporation, the legal entity existing in contemplation of law, not being a sentient being, can have no knowledge or belief, except so far as the knowledge and belief of its officers, is the knowledge and belief of the corporation, itself. The officers are the only ones, who can perceive, or have any knowledge, or belief, and they are the ones, and the only ones, who can make the affidavit. Indeed, the officers, whatever the technical idea may be, substantially, and practically, constitute the corporation. It may be, therefore, that an affidavit of the officers of a corporation, duly authorized, being the only ones having knowledge and belief on the subject, and whose knowledge and belief are the knowledge and belief of the corporation, or who

could make affidavit of the knowledge and belief of the corporation on the subject, may be, properly, regarded as the *party* within the meaning of the law for that purpose.

There are but two cases, within my knowledge, in which the question, necessarily, arose, where the affidavit for removal, under the provisions of the statute, was made in behalf of a *natural* person, and not by the party himself, and the decisions in them are in conflict. In *Dennis* v. *County of Alachua*, 3 Woods, 687, Mr. District Judge SETTLE, held, that it is not necessary for the party himself to make the affidavit, under the statute, but, that it may be made, on behalf of the party, by one who swears that he is the agent and attorney in fact of the party. On the contrary, in *Miller* v. *Finn*, 1 Neb. 269, the supreme court of Nebraska, in a well-considered and very able opinion, unanimously, held, that the affidavit of prejudice and local influence under the statute, must be made by the party, himself, in person; that it cannot be made on his behalf by his agent, or attorney. This opinion also, contains much, applicable to the so-called plea in abatement in this case, or more properly speaking, as I think, to the issues taken upon the material and only issuable allegations of the petition for removal. So, in *Quigley* v. *Central Pac. R. Co.*, 11 Nev. 350, the supreme court of Nevada, in discussing the statute at large, held, that, "the affidavit must be made by the party to the suit; that it is the belief of the citizen of another state, not the belief of such citizen's agent, that deprives the state court of its jurisdiction." So, in *Mahone* v. *Manchester & L. R. Corp.*, 111 Mass. 72, the full bench of the supreme court of Massachusetts, GRAY, J., now of the supreme court of the United States, delivering the opinion, also, held, that, in case of a natural person, the affidavit must be made by the party in person. As quoted in 11 Nev. 358, Justice GRAY said:

"Among the conditions which the act of congress imposed upon the removal of the case, are that such citizen of another state, shall file a petition for the purpose, and that he will make and file, in the state court, an affidavit that he has reason to, and does believe, that, from prejudice, or local influence, he will not be able to obtain justice in such state court. The act of congress does not, like our statute for the removal of actions from the superior court, upon application of the defendant, to this court for trial, authorize the affidavit to be made by the party, or by any person in his behalf. * * * Congress may well have thought it not too great a security against abuse of the power of removal, to require the party's own affidavit to a fact, of such nature, and of which, no further proof is to be made at any stage of the proceedings. Whatever may be the reasons, the words of the statute are explicit, and require the affidavit, as well as the petition, to be the act of the party." 11 Nev. 358.

He added:

"When, as in this case, the petitioner for removal is a corporation, the petition may, doubtless, be signed, and the affidavit made by some person authorized to represent the corporation. But the authority of any person assuming to represent it must appear." 111 Mass. 75.

Thus, it appears, that, however the rule may be ultimately settled by the supreme court, where a corporation is a party seeking a removal, the

weight of authority, and, as it appears to me, of sound reason, is largely in favor of the view, that where a natural person is the party applying for a removal, under the provisions of the statute in question, the affidavit of existing prejudice, and adverse local influence, must be made by the party in person; and a removal cannot be had on an affidavit made by his agent, or attorney, or any other person on his behalf. These decisions conform to my view of the statute, and I shall follow them, till the construction is otherwise, authoritatively established.

Under section 2 of the recent amendment of the removal act, the court is now authorized to inquire into the truth of the affidavit as to jurisdiction, and the grounds thereof, and, unless it shall appear to the satisfaction of the court, that said party will not be able to obtain justice in such state court, it shall cause the same to be remanded thereto. The defendants challenge the truth of the affidavit in this instance, and ask that the case be remanded on that ground also. Upon the view taken upon the point already discussed, it will not be necessary to pass upon that ground. But, as bearing upon the necessity for a strict construction of the provision authorizing a removal upon the ground of prejudice and adverse influence, it may be well to advert to the inherent weakness of the case made by the petition and affidavit, as it appears upon the face of the record, as now presented, without further evidence on the issue joined.

The pretext, arising upon the facts set up as the basis of the belief in the petition in this case, has apparently, the most flimsy foundation. The record shows that petitioners once obtained a decree in their favor, in the very court in which the case is now pending, but that it was reversed by the supreme court of the state, on appeal, and remanded for a new trial to the superior court, in which it is said, owing to prejudice and local influence in favor of defendants, justice cannot be had. The case is one in equity, in which the parties are not entitled to a trial by jury. The present judge was one of the attorneys of record in the case in former stages of the proceedings. He is, of course, not qualified to try or sit in the case, and it must be tried by the judge of some other county, called in for the purpose, or ordered to hold the court by the governor of the state. It cannot be known now, what judge will sit at the hearing, as any other superior judge in the state may be directed to hold the court. As it is not a case for a jury, popular sympathy or prejudice is not a factor to be considered, and as the judge of the court is disqualified, and it cannot be known what judge will try the case, upon what plausible ground, can a party, truthfully, make affidavit, that "he has reason to believe, and does believe, that from popular prejudice, or local influence, he will not be able to obtain justice in such state court?" Is it not more likely that the removal is sought, in the hope of rendering it inconvenient to defendants to defend the suit at a great distance from home, or that the national courts may not consider themselves bound by the judgment of the supreme court of the state, and, take a different view of the law of the case? This act was intended to subserve the ends of substantial justice. It was not designed to enable parties to

harass their opponents by capriciously removing a case upon slight grounds, from the state to the national court hundreds of miles distant, and not readily accessible for trial, as in this instance. The statute should not be extended by loose construction, or the interpolation of provisions not inserted by congress in order to reach cases where there is but little apparent ground to apprehend a failure of justice in the state courts, by reason of prejudice or local influence. The parties who know their own belief should, at least, be required to make the affidavits of that belief, and assume the responsibility themselves, as the statute appears to me to require.

It is said that this motion is based upon mere formal defects, and comes too late after issue taken by defendants upon the petition for removal. It is true that the answer denying the allegations of the petition upon which the removal was had was filed a few days before the motion to remand was made. But the grounds of the motion are not mere formal defects. They are matters of substance. There is no affidavit, at all, by the party seeking to remove, as required by the statute, upon which alone a removal is authorized. There was nothing upon which to base a removal.. The judge did not order a removal in fact. As there was no order for a removal, and no affidavit sufficient to justify a removal, the filing of the affidavit of the attorney did not operate to work a removal. An improper filing of a transcript here does not constitute a removal, in such sense as to confer jurisdiction upon this court. As the record of the state court does not show a lawful removal, or a loss of jurisdiction, there is nothing to prevent that court from proceeding with the case.

The case must be remanded, and it is so ordered, with costs.