## HILLS *v.* RICHMOND & D. R. Co.[1]

*(Circuit Court, N. D. Georgia.* December 5, 1887.)

REMOVAL OF CAUSE—LOCAL PREJUDICE—AFFIDAVIT.

Section 2 of the act of March 3, 1887, (24 St. 553,) does not change the practice as it formerly existed, so far as concerns defendants seeking to remove from state to federal courts on the ground of prejudice or local influence. In respect of plaintiffs so seeking to remove, the act in express terms makes it the duty of the circuit court, on the application of the other party, to examine into the truth of the affidavit, and the grounds therefor; but the absence of any such provision as to defendants clearly indicates that the law in this respect was not intended to be changed as to them.

Action to Recover Damages. On motion to remand.

*N. J. & T. A. Hammond,* for plaintiff.

*Barrow & Thomas* and *Henry Jackson,* for defendant.

NEWMAN, J. This case was removed to this court by the defendant from the superior court of Fulton county, under what is commonly known as the "Local Prejudice Act." The petition for removal, after stating that the defendant is a corporation organized under the laws of Virginia, and a citizen and resident of that state, and that the subject-matter of the suit exceeds the sum or value of $2,000, states that from prejudice and local influence it will not be able to obtain justice in the superior court of Fulton county, or in any other court in the state to which it might, under the laws of said state, have a right, on account of prejudice or local influence, to remove the same. With the petition was filed the following affidavit:

"I, E. Berkley, being duly sworn, do say that I am the superintendent of that division of the Richmond & Danville Railroad Company which extends from the city of Charlotte, in the state of North Carolina, to the city of Atlanta, in the state of Georgia; that I am specially intrusted by the said railroad company with the attention to the defense of all cases brought against said company in the courts of the said state of Georgia, and in the courts of the United States which are held in said state; that I am specially intrusted by the said railroad with the taking of such steps for the protection of its interests and rights in such cases as may be brought against it in either of the courts aforesaid, as my judgment may approve; that I am the highest officer in said company located in the state of Georgia, and having an office therein; that I have full authority to take such steps as may be necessary for the removal of causes brought in the state courts into the United States courts, where the facts authorize such removal, and my judgment is that the removal is necessary to the protection of property, interests, and rights of the company; that I have had long and large experience in the defense of cases brought against said railroad company in the courts of the state of Georgia, and in the superior court of the county of Fulton, in said state; that from that experience I now make this affidavit that I believe that from prejudice and local influence the Richmond & Danville Railroad Company will not be able to obtain justice in said state court, or in any other state court to which the said railroad company may, under the laws of the said state of Georgia, have the right, on

[1] Reported by W. A. Wimbish, Esq., of the Atlanta bar.

account of such prejudice or local influence, to remove said cause. Deponent further deposes that the facts stated in the foregoing petition for removal by the said Richmond & Danville Railroad Company are true."

A bond was also filed, in accordance with the law. The order of the judge of the superior court was as follows:

"Upon considering the foregoing petition, bond, and affidavit, it is ordered that the bond be accepted and approved, and that this court proceed no further in this case. It is further ordered that the clerk of this court make out a complete transcript of the record of this case, and of all processes, pleadings, depositions, testimony, and other proceedings therein had, and furnish the same to the petitioner, the Richmond & Danville Railroad Company, or its counsel, in order that the same may be filed in the circuit court of the United States for the Northern district of Georgia."

The record was filed in this court September 26, 1887, and a motion is now made to remand the case to the state court. The motion to remand is based on the ground that under the act of March 3, 1887, (24 St. at Large, 552,) it is now necessary, even as to a defendant seeking a removal, to make a stronger case before this court to justify retaining jurisdiction than would have been necessary under the original act of 1867, (Rev. St. U. S. § 639, subsec. 3.) In other words, that the language "when it shall be made to appear to said circuit court that from prejudice or local influence he will not be able to obtain justice in such state court, or in any other state court to which the said defendant may, under the laws of the state, have a right, on account of such prejudice or local influence, to remove said case," (Act March 3, 1887, § 2,) was intended to change the law and practice, as it formerly existed, of removal by affidavit of the party. Before the passage of the last-named act, the law in terms authorized the removal upon the affidavit of either party stating "that he has reason to believe, and does believe, that from prejudice or local influence, he will not be able to obtain justice in said state court." The latter part of section 2 of the act of March 3, 1887, as to removals by plaintiffs on account of prejudice or local influence, is in the following language:

"At any time before the trial of any suit which is now pending in any circuit court, or may hereafter be entered therein, and which has been removed to said court from a state court on the affidavit of any party plaintiff that he had reason to believe, and did believe, that from prejudice or local influence he was unable to obtain justice in said state court, the circuit court shall, on application of the other party, examine into the truth of the affidavit, and the grounds thereof; and, unless it shall appear to the satisfaction of the said court that said party will not be able to obtain justice in such state court, it shall cause the same to be remanded thereto."

This in terms makes it the duty of the court, in the case of a removal by a plaintiff, on the application of the other party to examine into the truth of the affidavit, and the grounds thereof. But no such provision is made as to a case removed by a defendant. It is clear from this that it was intended by congress to establish a different rule as to defendants removing cases to this court from that of plaintiffs. And the reason for a different rule is apparent: The plaintiff, in a case in

the state court, has gone there voluntarily, whereas the defendant has been taken there against his will; certainly without his consent. The law, therefore, very properly places more restrictions around the right to remove in the former than in the latter case. It will also be seen that, even as to plaintiffs, the right to remove by affidavit, as formerly practiced, still exists, subject to an examination by this court, after the case reaches it, as to sufficiency of the grounds of removal. Now, what is required of a defendant seeking a removal under the act of 1887? An examination of that act will show that the act of 1867 (subsection 3, Rev. St. U. S. § 639) is not expressly repealed. It is still in force, therefore, except in so far as it is repealed by necessary implication. Now, is the language "shall be made to appear to said circuit court," sufficient to indicate an intention to change the rule as it existed under the original act of removal, by affidavit of the party? Is it not, rather, a proper construction to hold that the two acts should be read and construed together, and that so read and construed, the law now is that it shall be made to appear to this court by the affidavit of the defendant that he has reason to believe, etc.?—this affidavit to state, of course, in addition to what would have been necessary under the old act, "that he will not be able to obtain justice in any other state court to which the defendant, under the laws of such state, had the right, on account of such prejudice or local influence, to remove said case." It seems to me that the latter view is the only one that can be adopted, if proper construction be given to all the legislation, as it now stands, on this subject. Again, the express provision in the act of March 3, 1887, as to the duty of this court to examine into the sufficiency of the grounds for removal, in the case of a plaintiff removing his case here, and the absence of any such provision as to a defendant so removing, seems to be significant of the fact that the law as it formerly existed is not changed as to defendants.

It was suggested and argued by counsel for plaintiff, that the application of defendant to remove this case should have been made originally to this court. Finding the case in this court, removed here by an order of the judge of the state court, it seems to me unnecessary to consider this question. I determine, whether or not, finding the case here, I should retain jurisdiction. I think the court should retain jurisdiction for the reasons I have stated, and therefore the motion to remand is denied.

After writing the foregoing opinion, and before filing it, I have received the Federal Reporter of November 29, 1887, and I find therein (volume 32, p. 417) an opinion in the case of *Fisk* v. *Henarie*, from the circuit court in Oregon, rendered by Judge DEADY, in which he reaches the same conclusion as to the proper construction of that part of the act of 1887 under consideration, that I have announced above. I am gratified to have the concurrence of this learned judge in the view I have taken of this new law.