## SHORT *v.* CHICAGO, M. & ST. P. RY.

*(Circuit Court, D. Minnesota.  December 15, 1887.)*

1. REMOVAL OF CAUSES—ACT OF MARCH 3, 1887—LOCAL PREJUDICE.

Act of congress of March 3, 1887, § 2, provides that, in suits in the state courts, where the defendant is a citizen of another state, he may have the cause removed to the circuit court of the United States if it shall be made to appear to the circuit court that from prejudice or local influence he cannot obtain justice in the state court. *Held* that, under this section, a mere formal affidavit by the defendant that he believes that he cannot obtain justice because of prejudice or local influence is not sufficient; but the fact that such prejudice or local influence exists must be shown to the circuit by oral testimony or by affidavit.

2. SAME.

The affidavit showing local prejudice and influence as a ground for the removal of causes from the state to the federal courts, under the provisions of act of congress of March 3, 1887, may be filed in the state court, and a certified copy thereof sent up to the circuit court.

3. SAME.

The provisions of the act of congress 1867, relating to the removal of causes from the state to the federal courts on the ground of prejudice and local influence, were repealed by the provisions of the act of congress of March 3, 1887, even though express words of repeal were not used.

4. COURTS—ACT OF MARCH 3, 1881—SUIT AGAINST CITIZEN OF ANOTHER STATE.

Under the provisions of act of congress of March 3, 1887, an action may be maintained in the circuit court of the United States against a citizen of another state.

On Motion to Remand.

The plaintiff, Allen M. Short, brought action against the defendant railroad company, in the state court. The defendant served an order of removal to the circuit court of the United States, whereupon the plaintiff moves to remand to the state courts, upon the ground that the affidavit upon which the order of removal was based was insufficient.

*Wilson & Bowers*, for plaintiff.

*W. H. Norris* and *Flandrau, Squires & Cutcheon*, for defendant.

BREWER, J. This is a motion to remand. The action was brought by a citizen of Minnesota against this railroad corporation, which is a

citizen of the state of Wisconsin. It is an attempt at removal under the act of 1887, on the ground of local prejudice, it being too late for a removal on the ground of difference of citizenship. One ground of the motion to remand is that this court cannot take original jurisdiction of an action by a citizen of this state against a citizen of another state, and therefore, if it cannot take original jurisdiction of such an action, it cannot by removal acquire jurisdiction. I had occasion to examine that question in the state of Nebraska, and I there came to the conclusion that that proposition cannot be sustained. I think an action can be maintained in this court against a citizen of another state. I am aware that there is a decision in the circuit court of California to the contrary. FIELD, SAWYER, and SABIN, JJ., *County of Yuba* v. *Mining Co.*, 32 Fed. Rep. 183. I shall not discuss that question at length, from the fact that my Brother SHIRAS, in the Northern district of Iowa, has written an opinion upon this point, and I will say that his opinion expresses my conclusions with respect to that matter. *Fales* v. *Railway Co.*, 32 Fed. Rep. 673.

The other question is this: An affidavit is filed for removal, in which the affiant states that he has reason to believe, and does believe, that by reason of prejudice and local influence he will not be able to obtain justice in that forum. In other words, an affidavit is made by the officers of the corporation in the form prescribed by the act of 1867. That act reads thus: "When a suit is between a citizen of the state in which it is brought and a citizen of another state, it may be so removed on the petition of the latter, whether he be plaintiff or defendant, filed at any time before the trial or final hearing of the suit, if, before or at the time of the filing said petition, he makes and files in said court an affidavit stating that he has reason to believe and does believe that, from prejudice or local influence, he will not be able to obtain justice in said state court." By that act the removal was granted upon the filing of that affidavit, if in the form prescribed. The removal was absolute, and the actual existence of prejudice or local influence was not a matter for inquiry. In other words, congress cast the burden upon the conscience of the party, and said if he was willing to make an affidavit that he believed and had reason to believe that, from prejudice or local influence, he could not obtain justice in the state court, then he should have a removal to the federal court. Nowhere was it left to be determined as to whether or not such prejudice or influence did exist. But whenever any party litigant in the state court, with the proper citizenship existing, felt that he could not obtain justice in the state court, and was willing to express that fact in an affidavit, the right of removal went beyond the power of challenge. The act of 1887 is a complete reversal of that theory. I am aware that Judge DEADY, of Oregon, in the case of *Fisk* v. *Henarie*, 32 Fed. Rep. 417, has held that this portion of the act with respect to the filing of the affidavit is still in force; but I think he is mistaken. The thought which underlies the matter of prejudice and local influence to-day, and that underlying the act of 1867, are entirely different. While this act of 1867 is not in terms repealed, yet it is famil-

iar law that when a later act covers the same ground, and is obviously in-
tended by the legislature to be its expressed will upon the whole subject-
matter involved therein, then, although there be no terms of repeal, and
although there may be some provisions in the earlier not absolutely in-
consistent with those of the later act, yet the whole of the earlier act is
repealed.   To my mind, it is obvious that the legislation of 1887 with
respect to prejudice and local influence was intended to supersede en-
tirely the act of 1867, and to plant the matter upon a new basis, and
planting it upon a new basis, to let the act of 1887 take the place of that
of 1867.   Let us see what the act of 1887 says upon that subject:

"Where a suit is now pending, or may be hereafter brought, in any state
court, in which there is a controversy between a citizen of another state, any
defendant, being such citizen of another state, may remove such suit into the
circuit court of the United States for the proper district, at any time before
the trial thereof, when it shall be made to appear to said circuit court that,
from prejudice or local influence, he will not be able to obtain justice in said
state court."

In other words, before a removal can be had on the ground of preju-
dice or local influence, there must be shown to the circuit court of the
United States the existence of such prejudice or local influence.   It is
not given to the party upon his conscience to say he believes, or has
reason to believe, that such prejudice exists, and thereby become enti-
tled to a removal; but there is a question of fact which the circuit court
must determine, and it cannot order the removal until it appears that
such prejudice or local influence exists.   Now, how can that fact be
made to appear?   How can any fact be made to appear?   Either by
oral testimony or affidavits.   The affidavits in this case do not allege
the fact.   Counsel for plaintiff insists that an affidavit, in form, simply
saying that there does exist prejudice or local influence so as to prevent
a fair trial, is not sufficient; that that is a fact which cannot be testified
to in a general way; that the affidavits must show a series of isolated
and separate facts, from which, taken together, the court can see that
such local prejudice does exist.   In that proposition I am inclined to
hold against him, so far as the first showing is made.   It is not, however,
necessary positively to decide that question now.   If the question were
presented, I should be inclined to hold that an affidavit, alleging in plain
and unequivocal terms that such local prejudice does exist, and that a
fair trial cannot be had, would entitle the party to a removal.   I think,
however, that that fact, like any other fact, may be challenged.   After
the affidavit has been presented, and a removal ordered, the party op-
posing it may come in and traverse that allegation of prejudice, the
same as any other averment of fact.   And this need not be done by plea
of abatement.   No particular form of procedure is prescribed.   The rule
has obtained, as is proper, that where a petition for removal is filed on
the ground of citizenship, the truth of its allegations should be chal-
lenged by a plea of abatement.   But, under the local prejudice clause,
no petition need be filed.   All that is required is that it shall be made to
appear to the circuit court that, from prejudice or local influence, the

party will not be able to obtain justice in said court. This showing may be made by affidavit; and if this constitutes a specific averment, while it may not be conclusive, it is *prima facie* evidence of the fact, and throws the case into this court, leaving the other party to challenge its truth. There being no form, no procedure prescribed, I think the court in any particular case may prescribe a mode of procedure, or might lay down a general rule applicable to all cases. Such being the conclusion to which I have come, both from the argument had here, and from those had elsewhere, it must be held that this affidavit is insufficient; it is no affidavit at all. It is a form of affidavit that might be used for the verification of a pleading, or other purposes, when authorized by statute; but as evidence it is nothing. I shall have to sustain the motion to remand, on the ground that there is no evidence before me from which to find the existence of any prejudice or local influence.

As a question of practice, and out of respect to the state court, I think that the affidavit of local influence may be filed in that court, and then a certified copy in this.