DENNISON *v.* BROWN.

*(Circuit Court, N. D. New York.* April 18, 1889.)

1. REMOVAL OF CAUSES—LOCAL PREJUDICE.
    Under the act of March 3, 1887, providing for a removal when it shall be made to appear to the circuit court that from prejudice or local influence defendant will not be able to obtain justice in the state court, the question whether there is prejudice, etc., is open to inquiry, and may be determined from the evidence produced by both parties on motion to remand.

2. SAME.
    An affidavit that defendant has no acquaintance in the county in which the trial in the state court will be had; that plaintiff is well known there as a lawyer and politician, having lived and practiced law at the county-seat many years, and having been a candidate for the office of attorney general of the state,—does not make a case for removal.

On Motion to Remand.
*James A. Dennison,* for plaintiff.
*Charles A. Talcott,* for defendant.

WALLACE, J. This suit was removed from the state court, upon the petition of the defendant, after the cause was at issue, accompanied by an affidavit of the defendant setting forth his belief that from prejudice and local influence he would not be able to obtain justice in such state court. The affidavit states as the reasons for such belief that the defendant, who is a non-resident of the state, has no acquaintance in the county in which the case will be tried, if tried in the state court, and that the plaintiff is well known there as a lawyer and as a politician, having lived there at the county-seat many years, practiced law there, and been a candidate for the office of attorney general of the state. The present motion to remand the suit proceeds upon the ground that the affidavit of the defendant does not state facts which make it appear that from prejudice or local influence he will not be able to obtain justice in the state court, and is supported by affidavits in rebuttal of the defendant's affidavit.

The act of March 3, 1887, relating to the jurisdiction of the circuit court, introduces a judicious change in the provision of the third paragraph of section 639, Rev. St. U. S., by which in a suit between a citizen of the state and a citizen of another state the defendant only can remove it, and the condition of removal is no longer the filing an affidavit stating that the removing party "has reason to believe and does believe" that from prejudice or from local influence he will not be able to obtain justice in such state court, but he must now make it "to appear to the circuit court" that such a case exists. The phraseology of section 639 was such as to render it at least doubtful whether the adverse party could controvert the truth of the statements of the affidavit, or whether it was necessary to set forth the facts showing sufficient grounds for the belief asserted. As now changed, the inquiry is plainly open to the circuit court whether the necessary facts appear which show the existence of

such prejudice or local influence as will preclude a defendant from obtaining justice in the state court. This is a question of fact which, like all other questions of fact, may be determined by the evidence produced by both parties at the hearing of a motion to remand the cause. It would be an insult to the intelligence and integrity of the state court from which this suit was removed—a tribunal which exercises the highest original jurisdiction—to adjudge that the defendant, upon the showing made in his affidavit, will not be able to obtain justice in that court. The motion to remand is granted, with costs.