## COOPER *v.* RICHMOND & D. R. Co.

*(Circuit Court, N. D. Georgia.* June 21, 1890.)

1. REMOVAL OF CAUSES—LOCAL PREJUDICE—PROCEDURE.
   Since Act Cong. March 3, 1887, which provides for the removal of causes on the ground of local prejudice does not prescribe any mode of procedure, a petition for removal, accompanied by an affidavit by a person authorized to make it, stating of his own knowledge the existence of prejudice and local influence, is sufficient to justify an order of removal. Following *Whelan* v. *Railroad Co.,* 35 Fed. Rep. 849.

2. SAME—TRAVERSING AFFIDAVIT.
   Where such an affidavit is presented, the court will not permit the adverse party to traverse it, and will not hear evidence on the subject. Following *Whelan* v. *Railroad Co.,* 35 Fed. Rep. 849.

Motion to Remand.
*Hall & Hammond,* for plaintiff.

*Jackson & Jackson* and *Pope Barrow*, for defendant.

Before PARDEE and NEWMAN, JJ.

NEWMAN, J. This is a case removed to this court from the state court, under the Act of March 3, 1887, by the defendant corporation, on the ground of "prejudice and local influence." The questions for determination arise over the sufficiency of the affidavit made on behalf of the defendant, and on which the order for removal was made. In connection with the petition, setting forth the facts as to the amount involved, the citizenship of the parties, and the residence of the plaintiff and defendant, the subject-matter of the suit, and the prayer for removal, which is sworn to by counsel, defendant presented an affidavit made by S. G. Hammond, acting superintendent of the road in Georgia, who states therein that—

"From very many years' experience in railroad matters, and especially with litigation against the defendant, Richmond & Danville Railroad, in this particular, in the courts of Atlanta, in said Fulton county, state of Georgia, I know that, from prejudice and local influence, defendant will not be able to obtain justice in the superior court of Fulton county, of the state of Georgia, nor in any other court to which the petitioner may, under the laws of said state, have the right, on account of such prejudice or local influence, to remove said cause."

The motion of the plaintiff is in these words:

"And now comes the plaintiff in the above-stated case, and makes application to the court to examine into the truth of the affidavit and grounds for removal of said case to this court, and to remand said case to the superior court of Fulton county, on the ground that it is not true that the said defendant is unable to obtain justice in said state court from prejudice or local influence."

Two questions have been argued and submitted. *First*, whether or not the court was justified in signing the order for removal on the affidavit of defendant's acting superintendent, above quoted; *second*, whether or not the court will now hear evidence as to the existence of prejudice and local influence, or, in other words, ascertain by evidence *aliunde* as to the existence or non-existence of the grounds for removal. There is decided conflict in the decisions and opinions of the various circuit courts upon both of these questions. The following decisions are upon this subject: *Fisk* v. *Henarie*, 32 Fed. Rep. 417, 35 Fed. Rep. 230; *Short* v. *Railway Co.*, 33 Fed. Rep. 114; *Hills* v. *Railroad Co.*, Id. 81; *Whelan* v. *Railroad Co.*, 35 Fed. Rep. 849; *County Court* v. *Railroad Co.*, Id. 161; *Malone* v. *Railroad Co.*, Id. 625; *Southworth* v. *Reid*, 36 Fed. Rep. 451; *Huskins* v. *Railway Co.*, 37 Fed. Rep. 504; *Goldworthy* v. *Railway Co.*, 38 Fed. Rep. 769; *Dennison* v. *Brown*, Id. 535; *Amy* v. *Manning*, Id. 536; *Lumber Co.* v. *Holtzclaw*, 39 Fed. Rep. 885; *Minnick* v. *Insurance Co.*, 40 Fed. Rep. 369.

After a careful examination of all the cases, we are disposed to adopt the conclusion, and the reasoning by which he arrives at that conclusion, of Judge JACKSON, in the case of *Whelan* v. *Railroad Co.*, *supra*, and to hold that where the petition for removal is accompanied by an affidavit on behalf of the defendant, by a person authorized to make it, stating

of his own knowledge, as in this case, the existence of prejudice and local influence, it is sufficient to justify the order for removal. In other words, when it is "made to appear" to this court, by affidavit made on the affiant's own knowledge, that the prejudice and local influence exist, that it is a compliance with the statute. There is nothing whatever in the act of 1887 to show how it shall be "made to appear" to this court that the prejudice and local influence exist; and unless subdivision 3, § 639, of the Revised Statutes, (Act 1867,) remain of force, there is no law prescribing a method of procedure. The language of the court in the *Whelan Case, supra,* is as follows:

"It is further contended that no proper proceedings have been had or taken by the defendant, even conceding its right of removal, to effect such removal. By the third section of the act of 1887, the steps required to be taken in removal cases generally are indicated; but that section excepts from its operation cases sought to be removed on the ground of local prejudice, in respect to which clause 4 of amended section 2 prescribes no mode or method of effecting that class of removals. What procedure may, then, be adopted by the party seeking or entitled to remove under this clause? In conferring the right, congress certainly intended that some process for its exercise should be within the reach of the party so entitled. We think the method or procedure for effectuating the right so conferred by said clause may be found in the two paragraphs of section 639, Rev. St., which succeed the third subdivision of said section. These two paragraphs, prescribing the method of accomplishing removals, are not in conflict with the act of 1887, and may therefore be considered as still in force, and as furnishing the proper and appropriate remedy to be employed by the party seeking a removal, and in making it 'appear to said circuit court that, from prejudice or local influence' he will not be able to obtain justice in the state courts. It is not indicated in the act of 1887 how or in what manner the fact that the removing party cannot obtain justice in the local courts, on account of such prejudice or local influence, shall be made 'to appear' to the circuit court. Judge DEADY, in *Fisk* v. *Henarie,* 32 Fed. Rep. 417–421, (Nov. 29, 1887,) held that the last clause of section 639, Rev. St., which immediately follows subdivision 3 of said section, might reasonably be looked to as furnishing the machinery for making it 'appear' to the circuit court that the petitioning party could not obtain justice in the state court because of prejudice or local influence. If this suggestion of that learned judge, in which I concur, is not deemed correct, then, in the absence of all provision as to the method or mode of presenting the application for removal, this court would be left free to adopt proper and suitable rules prescribing and regulating the practice in such cases; and such rules would naturally be made to conform to the practice and procedure heretofore in force in like cases. In either view of the subject, we think the mode adopted by the defendant in this case is not open to any serious objection. A formal petition, properly sworn to, was duly presented to this court, setting forth all the conditions required by the act to entitle said defendant to remove the suit. This petition was accompanied and supported by the affidavit of the proper officer of the defendant company, stating, not what the affiant had reason to and did believe in respect to the existence of local prejudice, but in direct terms, and in the very language of the act, 'that, from prejudice and local influence, said said railroad company will not be able to obtain justice in said courts of common pleas, or in any other state court to which it has, under the laws of the state of Ohio, a right, on account of such prejudice or local influence, to remove said cause,' etc. This made a *prima facie* showing as to what was required 'to be made to appear to the circuit court.'"

In the case of *Hills* v. *Railroad Co.*, *supra*, (decided in this court by the district judge presiding therein,) and in the case of *Fisk* v. *Henarie, supra*, (decided by Judge DEADY in the circuit court of Oregon,) it was held that the old act, so far as the method of procedure for removal was concerned, remained of force, and that, when an affidavit was made in accordance with the act of 1867, it was sufficient to justify removal. It seems the better practice now, however, even if it be that it is not required by the law, that the existence of the prejudice and local influence should be stated of the affiant's own knowledge. That has been done in this case, and we think the affidavit was sufficient to justify the order for removal.

Now, the affidavit named being sufficient to authorize the order for removal, will the court permit the other party to traverse the grounds of the affidavit, and hear evidence as to the existence of prejudice and local influence? We adopt the conclusion of the court in the *Whelan Case* upon this subject, also. The argument of Judge JACKSON upon this subject in the case named (pages 861–866) leaves nothing to be added by us. It seems to us conclusive upon this question. We have had occasion in this case, and in some other similar cases arising here, to examine a copy of the bill presented informally, and discussed in a former case which passed the house, and, after amendments in the senate, was concurred in by the house, and resulted in the Act of March 3, 1887. This shows the bill as it passed the house, and the various particulars in which it was amended, by striking out and inserting language, in the senate. From this it appears that, as the bill went from the house to the senate, it read, so far as pertinent to the questions here, as follows: "When it shall be made to appear to *the satisfaction of* the court that, from prejudice or local influence," etc. In the senate, the words, "the satisfaction of the," were stricken out, and the words "said circuit," before "court," inserted, so that it read as it went back from the senate to the house and was passed, as the act now reads, "When it shall be made to appear to the said circuit court," etc. It will be seen from the history of this part of the act that, by the house bill, it was contemplated that it should be made to appear "to the satisfaction of the court," (probably the state court,) that the prejudice or local influence existed, and that the senate changed it so that it should clearly provide for the application to be made to the circuit court, and refused to agree to the language which was stricken out, above quoted. This undoubtedly indicates an intention not to allow a provision looking to investigation and inquiry as to the existence of prejudice or local influence to become a part of the act. If this part of the history of the act of 1887 be a proper matter for consideration, it greatly strengthens the argument in favor of construing the clause in question as indicated above. The supreme court of the United States in *Blake* v. *Bank*, 23 Wall. 307, adopted this method of interpreting an act of 1870 taxing incomes from dividends, etc. The rule there announced is that—

"A badly-expressed and apparently contradictory enactment (such as the one above mentioned) interpreted by a reference to the journals of congress,

where it appeared that the peculiar phraseology was the result of an amendment introduced without due reference to language in the original bill."

If the history of this act, in the respects named, be the proper subject for consideration, it seems to us conclusive upon the questions now presented, and clearly negatives the idea that any investigation or inquiry such as we are requested to make here as to the existence of grounds of removal was contemplated by congress. Irrespective of this, however, it appears that, when congress came to deal with the cases which had been removed to this court by plaintiff before the passage of the act, it provided that—

"The circuit court shall, on application of either party, examine into the truth of said affidavit, and the grounds thereof; and, unless it shall appear to the satisfaction of said court that said party will not be able to obtain justice in such state court, it shall cause the same to be remanded thereto." 24 St. U. S. 553.

It appears from this that when an examination into the truth of the affidavit, and the ground thereof, was contemplated, it was so stated in express terms; and the statement of it there, we think, gives emphasis to its omission in the preceding part of section 2, in making provision for removal by the defendant. So that, giving no weight whatever to the history of the act, and construing it by what appears upon its face, the clear statement of the duty of the court in one case, and its entire omission in the other, is very significant, and leads to the conclusion, that in the latter case, no such duty was intended to be imposed. Motion denied.

PARDEE, J., concurs.