CAMPBELL et al. v. COLLINS.

(Circuit Court, D. Rhode Island. August 3, 1894.)

No. 2,507.

REMOVAL OF CAUSES—LOCAL PREJUDICE—REMOVAL BY PLAINTIFFS.

The clause in the act of August 13, 1888 (section 2), relating to the remand of any suit "which is now pending in any circuit court, or may hereafter be entered therein," and which has been removed by the plaintiff on the ground of local prejudice, relates only to causes already removed under the act of 1875, and does not, by implication, authorize further removals by plaintiffs on that ground. Fisk v. Henarie, 32 Fed. 417, approved.

This was an action in a state court by Campbell & Macomber against John E. Collins. Petition for a removal of the cause to this court, on the ground of prejudice and local influence.

James E. Denison, for petitioner.

CARPENTER, District Judge. This is a petition brought by one of the plaintiffs in an action at law now pending in the appellate division of the supreme court of Rhode Island to remove the same into this court. The petition alleges that the plaintiff, at the beginning of the suit, were, and still are, citizens of the state of Maine, and that the defendant, at the beginning of the suit, was, and still is, a citizen of the state of Rhode Island, and further alleges that, from prejudice and local influence, the petitioner will not be able to obtain justice in the said state court, or in any other state court to which he may, under the laws of the state, have the right to remove said cause. On this petition a citation to show cause was issued and served. The defendant has made no appearance.

This petition is filed on the theory that the words in the removal act of August 13, 1888, "at any time before the trial of any suit which is now pending in any circuit court or may hereafter be entered therein, and which has been removed to said court from a state court on the affidavit of any party plaintiff that he had reason to believe," etc. (25 Stat. 435), amount to a grant by implication to the plaintiff in a cause to remove the same for prejudice or local influence in the same way in which it may be removed by the defendant under the provisions of the next preceding paragraph of the same act.

This whole statute came under the consideration of Judge Deady in the circuit court for the district of Oregon in October, 1887, at which time the act of March 3, 1887, was in force (24 Stat. 552). In the language of the clauses here referred to, the act of March 3, 1887, is identical with the act now in force. The construction of the clause here relied on was perhaps not specifically necessary to the determination of the question there pending, but to the determination of that question it was necessary to bring a comprehensive construction of the whole of the amendatory act of 1887; and the decision may therefore well be held to be an authority

on the question here raised. The conclusion in that case was that the clause here relied on is "an independent temporary provision, intended to apply to suits which had then been removed" under a former act, and "has no application to a removal had under the act, and which did not take place before the passage of the same," under the act formerly in force which gave the right of removal to the plaintiff. Fisk v. Henarie, 32 Fed. 417. Independently of the weight of authority, this construction seems to me to be clearly correct. The clause in question otherwise would serve no purpose. It cannot be intended to give jurisdiction to examine into the grounds on which the allegations of the petition are founded, for the reason that it would thus, by implication, restrict the power of the court to inquire into the grounds of the petition to cases in which the plaintiff had removed the cause. Such a construction, being a derogation of the right to inquire into the substance of an allegation, should be adopted only in case of absolute necessity. The interpretation of the words by Judge Deady shows that here is no such necessity. The power to inquire into the merits of the application under the act now in force doubtless exists by virtue of the general power of the court, on proper application or pleading, and is extended, and not curtailed, by the proviso that the cause may be remanded in proper cases as to defendants not affected by prejudice or local influence.

The petitioner cites the case of Hills v. Railroad Co., 33 Fed. 81, in which it is said that, "even as to plaintiffs, the right to remove by affidavit, as formerly practiced, still exists." This case, however, does not decide that the right exists, but rather assumes that it exists, and refers to the practice thereunder for purposes of comparison with the practice in case of removal by a defendant.

The petition will therefore be denied and dismissed.