## COLLINS v. CAMPBELL.

(Circuit Court, D. Rhode Island. August 3, 1894.)

### No. 2,506.

REMOVAL OF CAUSES—LOCAL PREJUDICE — SUFFICIENCY OF PETITION AND AFFIDAVIT.

It is not sufficient to merely allege in the petition and affidavit that petitioner "has reason to believe, and does believe," that, from prejudice and local influence, he will be unable to obtain justice in the state courts. The existence of prejudice and local influence must be alleged as matter of fact. Short v. Railway Co., 33 Fed. 114, followed.

This was an action at law, brought in a state court by John E. Collins against Edward T. Campbell. Defendant petitioned for a removal of the cause to this court, on the ground of prejudice and local influence.

James E. Denison, for petitioner.

CARPENTER, District Judge. This is a petition by the defendant, in an action at law now pending in the common pleas division

of the supreme court of Rhode Island, to remove the same into this court. The petition alleges that the plaintiff, at the beginning of the suit, was, and still is, a citizen of the state of Rhode Island, and that the defendant and petitioner here, at the beginning of the suit, was, and still is, a citizen of the state of Maine, and further alleges that he has filed an affidavit from which he asks the court to find that, from prejudice and local influence, the petitioner will not be able to obtain justice in the said state court, or in any other state court to which he may, under the laws of the state, have the right, on account of such prejudice or local influence, to remove said cause. The petition is accompanied by the affidavit of the petitioner's counsel that the statements and allegations of the petition are true, as he verily believes, and by the affidavit of the petitioner that he has reason to believe, and does believe, that, from prejudice and local influence, he will not be able to obtain justice in the state court. On this petition a citation to show cause was issued and served. The plaintiff has made no appearance.

The question which arises is as to the sufficiency of this petition to remove the cause. It may perhaps be taken as well settled for the present that the petition and affidavit need not set out the facts and circumstances from which the existence of the prejudice may be inferred, or on which the belief in the existence of the prejudice is founded (Fisk v. Henarie, 32 Fed. 417; Short v. Railway Co., 33 Fed. 114); but upon the question whether the existence of the prejudice must be alleged as matter of fact I agree with the opinion in Short v. Railway Co., rather than with that in Fisk v. Henarie. Indeed, in the latter-named case the distinction here adverted to does not seem to have been suggested to the court in argument. The opinion says that "it is sufficient that they have made oath that they so believe, without setting forth the facts or circumstances on which such belief is founded." The stress of the question seems to have been whether a general allegation be sufficient, and not as to the proper and necessary form of that general allegation. On the other hand, in the case decided by Mr. Justice Brewer (then circuit judge) the question of the form of the averment came up for decision, and it is therein plainly pointed out, as it seems to me, that, in the absence of a specific averment of the prejudice, there is no evidence whatever in the papers to bring the case within the act providing for removal. In other words, it does not appear on the face of these papers that there is any case for removal.

The petition will therefore be denied and dismissed.