HERNDON v. SOUTHERN R. CO.

(Circuit Court, E. D. North Carolina. April 7, 1896.)

REMOVAL OF CAUSES—LOCAL PREJUDICE—NOTICE.

An application for the removal of a cause from a state to a federal court on the ground of local prejudice, under the act of congress of March 3, 1887 (amended August 13, 1888), should not be granted without giving to the plaintiff notice and an opportunity to be heard, though the court has power to grant the application ex parte.

F. H. Busbee, for the motion.

SEYMOUR, District Judge. It appears, from a proper reading of the act of March 3, 1887, that, in cases where there is a controversy pending in a state court between a citizen of the state in which the suit is brought and a citizen of another state, any defendant, being a citizen of another state, may remove such suit into the United States circuit court, when it shall be made to appear to the circuit court that, from prejudice or local influence, he will not be able to obtain justice in such state court, or in any other state court to which defendants may, under the laws of the state, have the right, on account of such prejudice, to remove said cause. The subsequent clause, in regard to the right to remand, appears only to apply to cases removed under the former law, under which an affidavit

not assigning any grounds of belief was sufficient to authorize a removal. It allows the court, on motion to remand, to examine into the truth of the affidavit for removal, and the grounds thereof. In a removal for local prejudice, under the act of 1887, the court is required to make such examination before removal. A motion to remand is merely, in such case, a motion for a rehearing of the grounds of the original motion. But, this being the law, the motion for removal ought not to be decided without notice, and an opportunity to present affidavits on the part of the party opposing. This has not been given in this case. It is true that the right to remove on ex parte affidavits exists. In re Pennsylvania Co., 137 U. S. 451, 11 Sup. Ct. 141. In that case Bradley, J., says:

"Our opinion is that the circuit court must be legally (not merely morally) satisfied of the truth of the allegation that, from prejudice or local influence, the defendant will not be able to obtain justice in the state court. * * * The amount and manner of proof required in each case must be left to the discretion of the court itself. If the petition for removal states the facts upon which the allegation is founded, and that petition be verified by affidavit of a person or persons in whom the court has confidence, this may be regarded as prima facie proof sufficient to satisfy the conscience of the court. If more should be required by the court, more should be offered."

See, also, Fisk v. Henarie, 142 U. S. 459, 12 Sup. Ct. 207.

In Adelbert College of Western Reserve University v. Toledo, W. & W. Ry. Co., 47 Fed. 836, Jackson, J., says:

"There is no requirement in the statute that the opposing side shall have notice of the application to remove, and be allowed an opportunity to be heard thereon. It would, perhaps, be better practice to give the opposite party notice of the application to remove, before action thereon by this court."

In making the precedent for the practice in this district, I am unwilling to grant the motion to remove without a hearing. The same course was pursued in Springer v. Howes (heard last December) 69 Fed. 849. In this case no allegations in regard to any other county than Durham were made. This, however, I do not consider material. After a full hearing in Springer v. Howes, and after argument by very learned counsel, I decided that a defendant had no absolute right to a removal to an adjacent county under the state statute, and that it was sufficient if the circuit court be satisfied that a fair trial could not be had in the county in which the venue was laid. Smith v. Lumber Co., 46 Fed. 822. The decision of the motion to remove is continued, that 10 days' notice of the motion may be given to defendant.