BONNER v. MEIKLE et al.

(Circuit Court, D. Nevada. December 7, 1896.)

No. 633.

1. REMOVAL OF CAUSES—PREJUDICE AND LOCAL INFLUENCE—PETITION.
   A petition for the removal of a case from a state to a federal court, on the ground of prejudice or local influence, must be made to the federal court.

2. SAME—PRACTICE—NOTICE.
   The better practice, upon applications for removal of cases from state to federal courts, on the ground of prejudice or local influence, is to give notice to the opposite party, specifying the proofs to be used, and afford him an opportunity to present counter affidavits, if desired; and when this course is pursued, if not also when the application is ex parte, the sufficiency, as well as the truth or falsity, of the facts alleged, should be determined at a single hearing.

3. SAME—CASES REMOVABLE—PARTIES.
   Under the act of March 3, 1887, as amended August 13, 1888, in order to entitle a defendant, sued in a court of a state of which he is not a citizen, to remove the case to a federal court, on the ground of prejudice and local influence, it is not necessary, where all the plaintiffs are citizens of the state where the suit is brought, that all of the defendants should be citizens of another state, or that any of his co-defendants should join in the petition for removal.

4. SAME—VERIFICATION OF PETITION.
   It is not necessary, under the act of 1887–88, that the petition for removal of a case from a state to a federal court, on the ground of prejudice or local influence, should be verified by the petitioner in person.

Petition of J. R. De Lemar, one of the defendants, for the removal of the cause to this court.

The character of this suit is shown by the following averments of the complaint: "The said plaintiff complains of said defendants, and for cause of action alleges: That he, said plaintiff, and numerous other parties whom it is impracticable to bring before said court, and for whose benefit, as well as his own, he brings this action, are residents of and occupants of what is known as the 'Town of Lamar,' in the county of Lincoln, state of Nevada. That said town is situated upon unsurveyed nonmineral land, and is a part of the public domain of the government of the United States. That said plaintiff, and those for whose benefit he brings this action, and their grantors and predecessors in interest, are, and for a long time, to wit, since the 1st day of April, A. D. 1892, have continuously been, in the possession and occupation of the land and ground upon which said town is built, and have made large and valuable improvements thereon, consisting of dwelling houses, stores, and places of business of all kinds, of more than $100,000 in value; and that said plaintiff has himself buildings and improvements thereon of the value of more than $1,600; and that he and they are the owners of, in the possession of, and entitled to the possession, as against all parties except the government of the United States, of said improvements and the land upon which they are situated. That said defendants unjustly and without right, and adversely to said plaintiff and those for whose benefit he brings this action, claim to be entitled to the possession of said land and ground through and by a pretended location of a lode mining claim, which they designate and call the 'Naid Queen Mining Claim.' That said defendants have applied to the

United States land office at Carson City, Nevada, for a patent to said Naid Queen mining claim, and that, within the time allowed by law, the said plaintiff duly made and filed in said land office a protest and adverse claim against said application for a patent to said Naid Queen mining claim. That, at the time of the pretended location of said Naid Queen mining claim, no lead, lode, ledge, or deposit, or ore or rock in place ·bearing mineral had been discovered at what was claimed to be the point of discovery and location, or at any other place within the surface boundaries of said mining claim; and said plaintiff alleges, upon his information and belief, that none has yet been discovered within the limits of said claim as located or as surveyed for patent, but the whole· of said mining claim is nonmineral, and of no value for mining purposes, and not patentable under the mining laws of the government of the United States. That by said wrongful attempt to claim the property of said plaintiff, and those for whose benefit he brings this action, made by said defendants as aforesaid, the said plaintiff ·and those for whose benefit he brings this action have been damaged in * * * the sum of $2,000." The plaintiff prays for a decree "that the title and right to the possession of himself and all the parties who have town property and improvements upon the surface of the said pretended Naid Queen mining claim, as the same has been surveyed for patent, be affirmed and quieted; that said defendants and none of them have any right or claim thereto, or to a United States mineral patent to any portion thereof; and that said plaintiffs have judgment against said defendants for the sum of $2,000, and costs of protest and suit"; and for general relief.

After service of summons upon the defendants, and before the time for answering had expired, the petitioner herein, with other defendants in said suit, petitioned the district court of Nevada, wherein said suit was brought, for the removal of said suit to this court, upon two grounds, namely: "(1) That said suit is one arising under the laws of the United States, and presents a substantial dispute and controversy, which depends wholly upon the construction and effect of the acts of congress ,of the United States, and particularly upon section 2380, to· and inclusive of section 2394, Rev. St., and upon section 16 of 'An act to repeal timber culture laws and for other purposes,' approved March 3, 1891. (2) That from prejudice and local influence the defendants will not be able to obtain justice in said state court, or in any other state court of the state of Nevada to. which he may, under the laws of said state, have the right, on account of such prejudice and local influence, ·to remove said suit." After a hearing upon such application, the judge of the state court made an order as follows: "It is ordered by the court in the above-entitled case: The court holds that the petition for removal to the United States court does not show that any federal question is involved in the case; that the other question raised in the petition, as to whether the defendants can obtain justice in the courts of this state, is not for this tribunal to decide." The court declined to approve a bond tendered by the petitioner for the removal of the cause. Thereafter the peti‑ tioner herein caused a copy of the petition for removal, and of the rulings of the state court, to be filed with the clerk of this court, with a view of moving for a writ of certiorari to have the rulings of the state court reviewed. Subse‑ quently, before any such motion was made, the petitioner prepared and filed in this court an original petition for the removal of said suit upon substantially the same .allegations of facts and grounds for removal. The facts set forth in the petition concerning the local influence and prejudice are set out at great length. Among other things, the petitioner states the fact to be, "and shows to the court, that great prejudice exists against the said defendants and each of them, and particularly against your petitioner, and great local influence exists in favor of .said plaintiff; * * * that from prejudice and local influence the defend‑ ants, and particularly your petitioner, will not be able to obtain justice in the state court, or in any other state court of the state of Nevada to which he may, under the laws of said state, have the right, on account of said prejudice and local influence, to remove said cause; * * * that said suit cannot be fully or .justly determined as to any of the defendants in any state court of the state of Nevada without being affected by such prejudice and local influence which exists in said ·Lincoln county, Nevada, against your petitioner, J. R. De Lemar, and all of the defendants, and against their right to recover in said action, and on account of the local influence of the plaintiff (and those for whom he sues)

throughout said state." After setting out the claim of defendants to the 'Naid Queen mine, their application for a patent, the protest of the plaintiffs, and commencement of this suit, the petition avers: "That at present a large town known as 'De Lemar' exists on and around said mining claim, and those portions of said town which are not upon said mining claim are situated upon other mining claims which were located and are now held and claimed as is the said Naid Queen; and hence all of the residents of said town have a great sympathy for plaintiff and those for whom he claims to sue, who reside upon said Naid Queen mining claim. That, in order to oppose the issuance of said patent to defendants, it became necessary to employ attorneys and incur great expense. That to that end the citizens of said town have held various mass meetings, at which violent and inflammatory speeches were made, and resolutions passed, reflecting upon the defendants, and impugning their rights and motives in asserting their claim to said mine; and said residents of said town have subscribed and agreed to pay, and have paid, large sums of money to defray the expenses of plaintiff's contest and adverse claim and the expenses of this suit; and plaintiff and his co-adjutors openly and persistently claim and assert that defendants are land grabbers, and will take the last shingle off the roofs of their houses, and similar false and prejudicial falsehoods. * * * That your petitioner knows that said claims of defendants to said mine have been the subject of general discussion throughout said state, and especially among all of the residents of Lincoln county, Nevada, and that most of said residents have expressed opinions inimical to the defendants in the premises. That their said rights are and have been discussed by stage drivers, public carriers, bar and saloon keepers, and others throughout said county, and in the counties adjoining said Lincoln county." There are other statements as to the general prejudice existing throughout the entire state, and of the judges of the state courts, which it is deemed unnecessary to quote. The petition avers that the amount and matter in dispute in said suit, exclusive of interest and costs, exceeds the sum of $2,000. The petition also avers that petitioner is, and was at the time of the commencement of this suit, a resident of the state of New York, and that the plaintiffs and those whom he represents were and are citizens of the state of Nevada. The petition is verified by H. A. Cohen, one of the defendants, and the attorney in fact of petitioner, J. R. De Lemar.

George S. Sawyer, for plaintiffs.
Robert M. Clarke, for defendants.

HAWLEY, District Judge (orally). Without attempting to review the decision of the state court upon the points decided by it, I shall proceed to examine the question whether petitioner is entitled to remove the cause on account of the local influences or prejudice, as set forth in the petition filed in this court.

1. The petition for removal upon this ground must be made in this court. The act of 1887–88 provides that, where a suit is brought in any state court, "any defendant being such citizen of another state may remove such suit into the circuit court of the United States for the proper district at any time before the trial thereof when it shall be made to appear to said circuit court that from prejudice or local influence he will not be able to obtain justice in such state court or in any other state court to which the said defendant may, under the laws of the state, have the right, on account of such prejudice or local influence, to remove said cause."

2. There is a great diversity of opinion as to how the local influence or prejudice which would authorize a court to remove the cause should be made to appear; but it may safely be said, as was stated in Re Pennsylvania Co., 137 U. S. 457, 11 Sup. Ct. 143, that "the amount and manner of proof required in each case must be left

to the discretion of the court itself." In Walcott v. Watson, 46 Fed. 529, 531, this court, in reviewing this question, said:

"With regard to the question as to how the prejudice or local influence warranting the removal of a cause of action from the state to the United States court may be 'made to appear,' the authorities are by no means uniform. The present state of the authorities leaves it optional for each judge to pursue any course which to his mind may be deemed proper. It has been decided in several cases that a defendant can remove a cause by filing an affidavit that he has reason to believe that, from prejudice and local influence, he will not be able to obtain justice in the state courts, and that his affidavit, if deemed sufficient to authorize the court to act, cannot be traversed or contradicted by the opposite party. Neale v. Foster, 31 Fed. 53; Fisk v. Henarie, 32 Fed. 417, 35 Fed. 230; Hills v. Railway Co., 33 Fed. 81; Whelan v. Railway Co., 35 Fed. 849; Huskins v. Railway Co., 37 Fed. 504; Cooper v. Railway Co., 42 Fed. 697; Brodhead v. Shoemaker, 44 Fed. 518. In others it is held that the defendant must state in his affidavits the facts which show the existence of the prejudice and local influence, and that the opposite party is entitled to a hearing. Short v. Railroad Co., 33 Fed. 114, 34 Fed. 225; Malone v. Railroad Co., 35 Fed. 625; Southworth v. Reid, 36 Fed. 451; Dennison v. Brown, 38 Fed. 535; Amy v. Manning, Id. 536, 868; Goldworthy v. Railway Co., Id. 769."

I was then and still am of the opinion that all applications for a removal upon this ground should be made upon notice to the opposite party, clearly specifying upon what proofs the petitioner would rely,—whether solely upon the facts set out in a verified petition, or upon affidavits, copies of which should be served and reasonable time given to the opposite party to file counter affidavits if so desired. A compliance with this rule would certainly have the effect of enabling the court to act more advisedly in the premises. In addition to the authorities cited in Walcott v. Watson, supra, see Herndon v. Railroad Co., 73 Fed. 307. If the opposite party is entitled to a hearing by filing counter affidavits, then the sufficiency, as well as the truth or falsity, of the facts set out in the petition, should be heard at the same time. The right of removal ought not to be subjected to hearings by "piecemeal." The opposite party having received notice that such an application would be made, and having knowledge of the grounds upon which it would be made, should come prepared to disprove the facts if he can. If he relies solely upon the insufficiency of the facts alleged in the petition, and submits that matter to the court, he should be compelled to abide by the decision without further hearing.

In Adelbert College v. Toledo, etc., Ry. Co., 47 Fed. 836, 843, the court said:

"It having been made to appear to this court * * * that from prejudice or local influence the petitioners for removal could or would not be able to obtain justice in the state courts, and the order for the removal of the suit having been then made, it would not be proper now to receive or consider counter affidavits denying the existence of any such prejudice or local influence, and thus raise an issue on the fact. The court, in the exercise of a legal discretion, having been satisfied with the prima facie showing made by the petitions for removal and accompanying affidavits, its action in ordering the removal cannot be properly called in question, or be set aside thereafter upon affidavits disputing the fact of the existence of prejudice or local influence. There is no requirement in the statute that the opposing side shall have notice of the application to remove on that ground, and be allowed an opportunity to be heard thereon. It would, perhaps, be the better practice to give the opposite party notice of the application to remove before action thereon by this court; but that is a matter resting in the discretion of the court, and not a matter of right. It would, however, be a most anomalous pro-

ceeding to have an issue made up and tried as to the existence of prejudice or local influence after it had been made 'to appear to this court,' in a legal way, that from prejudice or local influence the party applying for removal would not be able to obtain justice in the state court or courts, and after the removal had been ordered."

Whatever objections might be urged to this rule when the application is made without notice, there certainly can be none urged to its application to a case like the present, where the opposing party has had notice, and contests the removal solely upon the grounds of the insufficiency of the petition.

3. It is claimed that all of the defendants except petitioner being residents of the same state as the plaintiffs is fatal to petitioner's right to remove the case. Prior to the act of 1887–88, no suit could be removed on the grounds of local prejudice unless all the parties to the suit on one side were citizens of a different state from those on the other side. Jefferson v. Driver, 117 U. S. 272, 6 Sup. Ct. 729; Iron Co. v. Ashburn, 118 U. S. 54, 6 Sup. Ct. 929; Hancock v. Holbrook, 119 U. S. 586, 7 Sup. Ct. 341; Young v. Parker's Adm'r, 132 U. S. 267, 10 Sup. Ct. 75; Rosenthal v. Coates, 148 U. S. 142, 146, 13 Sup. Ct. 576. But under the provisions of the act of 1887–88, in order to entitle a defendant, who is sued in a state court of which he is not a citizen, to remove the cause to the circuit court of the United States, it is not necessary, where all the plaintiffs are citizens of the state where the suit is brought, that all of the defendants should be citizens of another state, or that any of his co-defendants should join with him in the petition for removal. Any defendant possessing the requisite citizenship may remove the cause, upon a proper showing of facts. Whelan v. Railway Co., 35 Fed. 849; Adelbert College v. Toledo, etc., Ry. Co., 47 Fed. 836, 845; Hall v. Agricultural Works, 48 Fed. 599, 604; City of Detroit v. Detroit City Ry. Co., 54 Fed. 1, 5; Haire v. Rome R. Co., 57 Fed. 321; Jackson v. Pearson, 60 Fed. 113, 126.

It is claimed that the affidavit to the petition for removal must be made by the petitioner, and cannot be made by his attorney in fact. This position cannot be sustained. Duff v. Duff, 31 Fed. 772, cited in its support, refers solely to the provisions of the act of 1867, and has no application whatever to the provisions of the act of 1887–88, which in many respects is essentially different from the prior acts. An examination of that decision clearly shows that Judge Sawyer based his opinion entirely upon the language of the statute that the case might be removed on the petition of the defendant, provided "he makes and files in said state court an affidavit, stating that he has reason to believe, and does believe, that from prejudice or local influence he will not be able to obtain justice in such state court." Under such a provision the law requires the affidavit to be made by the petitioner. But there is no such requirement in the act of 1887–88. Under this act it can "be made to appear" to the satisfaction of the court by the petition and affidavit of the petitioner, or by the affidavit of any other person or persons having knowledge of all the facts. City of Detroit v. Detroit City Ry. Co., 54 Fed. 1, 12. In the present case it appears that petitioner is in Europe; that the person verifying the petition resides at De

Lemar, in Lincoln county, Nev.; that he is familiar with all the facts concerning the suit, and especially with the state of feeling of the citizens in that community with reference to the subject-matter of the suit. Owing to the absence of petitioner from the state, it is self-evident that Mr. Cohen, his attorney in fact, would have a better knowledge as to the existence of the local influence or prejudice, and his affidavit in this respect would naturally be more satisfactory than that of the petitioner himself.

The facts as to the existence of the local influence and prejudice. against petitioner is stated in clear, strong, direct, and positive terms. The requirements of the law in this respect have been fully complied with. But it is argued that admitting that the averments in the petition as to the existence of local influence and prejudice in Lincoln county and in the adjoining counties are true, yet this court should take judicial knowledge that there are four judicial districts in this state; that it is not true that the local prejudice exists in the different judicial districts, although so stated in the petition, and strong reasons given therefor; and that great hardship would be imposed upon the plaintiffs by the removal of the cause to this court. In reply to this it is only necessary to say that if it has been clearly made to appear that such local influence and prejudice does exist, as stated in the petition, the question as to the hardship upon the parties, if any, cannot be considered by this court. The duty of courts ends by giving to the various provisions of the statute a proper legal construction. They have nothing to do with the wisdom, policy, or expediency of the law. Those matters were settled by the passage of the act. Under the laws of the state of Nevada, all civil actions must be tried in the county where the cause arose, or in the county where the defendants, or either of them, reside; subject to a change of the place of trial, among other grounds, "when there is reason to believe that an impartial trial cannot be had therein." Gen. St. Nev. §§ 3040, 3043. There is no certainty that the change of the place of trial could be taken by the defendants to any other state court or to any other judicial district.

Petitioner has in all respects made out such a case as makes it the duty of this court, in conformity with the provisions of the existing law upon the subject, to order the cause to be removed to this court. It is so ordered.