SHORT *v.* CHICAGO, M. & ST. P. RY. Co.

(*Circuit Court, D. Minnesota.* March 12, 1888.)

1. REMOVAL OF CAUSES—LOCAL PREJUDICE.

Where the plaintiff is a citizen of Minnesota, and the defendant is a corporation of Wisconsin, doing business in Minnesota, the circuit court for the district of Minnesota has, under the act of congress of March 3, 1887, amending the "removal act" of 1875, original jurisdiction of the controversy, when that question depends solely on the fact of the diverse citizenship of the parties, and the defendant may remove the case on the ground of local prejudice. Following *Fales* v. *Railway Co.,* 32 Fed. Rep. 673, and overruling *County of Yuba* v. *Mining Co.,* Id. 183.

2. SAME—PRACTICE—ACT OF MARCH 3, 1887.

Under the act of congress of March 3, 1887, it is for the circuit court to determine whether or not the prejudice or local influence, for which a removal is sought, actually exists; and until that fact is made to appear no removal can be ordered. Overruling *Fisk* v. *Henarie,* 32 Fed. Rep. 417.

3. SAME—AFFIDAVIT FOR REMOVAL—SUFFICIENCY.

The defendant, a corporation of Wisconsin, doing business in Minnesota, having been sued in the local courts of Minnesota by a citizen of that state, filed through its proper officer an affidavit for removal in the form prescribed by the act of congress of 1867, viz., that he had reason to believe, and did believe, that by reason of prejudice and local influence he would not be able to obtain justice in that forum. *Held,* on motion to remand, that the affidavit was insufficient; the inability to obtain justice in the state tribunal for the reasons set out not being "made to appear to the circuit court," as required by the act of congress of March 3, 1887.

4. SAME—FILING AFFIDAVIT IN STATE COURT.

Where a removal is sought under the act of congress of March 3, 1887, on the ground of prejudice or local influence, the affidavit may be filed in the state court, and a certified copy of it in the circuit court.

On Motion to Remand.

*Wilson & Bowers,* for the motion.

*W. H. Norris* and *Flandrau, Squires & Cutcheon, contra.*

BREWER, J. This is a motion to remand. This action was brought by a citizen of Minnesota against this railroad corporation, which is a citizen of the state of Wisconsin. It is an attempt at removal under the act of 1887, on the ground of local prejudice, it being too late for a removal on the ground of difference of citizenship.

One ground of the motion to remand is that this court cannot take original jurisdiction of an action by a citizen of this state against a citizen of another state, and therefore, if it cannot take original jurisdiction of such an action, it cannot by removal acquire jurisdiction. I had occasion to examine that question in the state of Nebraska, and I there came to the conclusion that that proposition cannot be sustained. I think an action can be maintained in this court against a citizen of another state. I am aware that there is a decision in the circuit court of California to the contrary. FIELD, SAWYER, and SABIN, JJ., *County of Yuba* v. *Mining Co.,* 32 Fed. Rep. 183. I shall not discuss that question at length, from the fact that my brother SHIRAS, in the Northern district of Iowa, has written an opinion upon this point, which will be

published, no doubt; and I will say that his opinion expresses my ideas with respect to that matter. *Fules* v. *Railway Co.*, 32 Fed. Rep. 673.

The other question is this: An affidavit is filed for removal, in which the affiant states that he has reason to believe, and does believe, that by reason of prejudice and local influence he will not be able to obtain justice in that forum. In other words, an affidavit is made by the proper officers of the corporation in the form prescribed by the act of 1867. That act reads thus:

"When a suit is between a citizen of the state in which it is brought and a citizen of another state, it may be so removed on the petition of the latter, whether he be plaintiff or defendant, filed at any time before the trial or final hearing of the suit, if, before or at the time of the filing said petition, he makes and files in said court an affidavit stating that he has reason to believe, and does believe, that from prejudice or local influence he will not be able to obtain justice in said state court."

By that act the removal was granted upon the filing of the affidavit, if in the form prescribed. The removal was absolute, and the actual existence of prejudice or local influence was not a matter for inquiry. In other words, congress cast the burden upon the conscience of the party, and said that if he was willing to make an affidavit that he believed and had reason to believe that from prejudice or local influence he could not obtain justice in the state court, then he should have a removal to the federal court. Nowhere was it left to be determined as to whether or not such prejudice or influence did exist. But whenever any party litigant in the state court, with the proper citizenship existing, felt that he could not obtain justice in the state court, and was willing to express that fact in an affidavit, the right of removal went beyond the power of challenge. The act of 1887 is a complete reversal of that theory. I am aware that Judge DEADY, of Oregon, in the case of *Fisk* v. *Henarie*, 32 Fed. Rep. 417, has held that this portion of the act with respect to the filing of the affidavit is still in force, but I think he is mistaken. The thought which underlies the matter of prejudice and local influence to-day, and that underlying the act of 1867, are entirely different. While this act of 1867 is not in terms repealed, yet it is familiar law that when a later act covers the same ground, and is obviously intended by the legislature to be its expressed will upon the whole subject-matter involved therein, then, although there may be no terms of repeal, and although there may be some provisions in the earlier not absolutely inconsistent with those of the later act, yet the whole of the earlier act is repealed. To my mind it is obvious that the legislation of 1887, with respect to prejudice and local influence, was intended to supersede entirely the act of 1867, and to plant the matter upon a new basis, and, planting it upon a new basis, to let the act of 1887 take the place of that of 1867. Let us see what the act of 1887 says upon that subject:

"Where a suit is now pending, or may be hereafter brought, in any state court, in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state, any defendant, being such citizen of another state, may remove such suit into the circuit court of the

United States for the proper district, at any time before the trial thereof, when it shall be made to appear to said circuit court that from prejudice or local influence he will not be able to obtain justice in such state court."

In other words, before a removal can be had on the ground of prejudice or local influence there must be shown to the circuit court of the United States the existence of such prejudice or local influence. It is not given to the party upon his conscience to say he believes, or has reason to believe, that such prejudice exists, and thereby become entitled to a removal; but there is a question of fact which the circuit court must determine, and it cannot order the removal until it appears that such prejudice or local influence exists. Now, how can that fact be made to appear? How can any fact be made to appear, either by oral testimony or affidavits? The affidavits in this case do not allege the fact. Counsel for plaintiff insists that an affidavit in form simply saying that there does exist prejudice or local influence so as to prevent a fair trial, is not sufficient; that that is a fact which cannot be testified to in a general way; that the affidavits must show a series of isolated and separate facts, from which, taken together, the court can see that such local prejudice does exist. Upon that proposition I am inclined to hold against him so far as the first showing is made. It is not, however, necessary to positively decide that question now. If the question were presented I should be inclined to hold that an affidavit alleging in plain and unequivocal terms that such local prejudice does exist, and that a fair trial cannot be had, would entitle the party to a removal. I think, however, that that fact, like any other fact, may be challenged. After the affidavit has been presented, and a removal ordered, the party opposing it may come in and traverse that allegation of prejudice the same as any other averment of fact: and this need not be done by a plea of abatement. No particular form of procedure is prescribed. The rule has obtained, as is proper, that where a petition for removal is filed on the ground of citizenship, the truth of its allegations should be challenged by a plea in abatement. But under the local prejudice cause no petition need be filed; all that is required is that it shall be made to appear to the circuit court that from prejudice or local influence the party will not be able to obtain justice in such state court; and this showing may be made by affidavit, and if this contains a specific averment, while it may not be conclusive, it is *prima facie* evidence of the fact, and throws the case into this court, leaving the other party to challenge its truth. There being no form, no procedure, prescribed, I think the court in any particular case may prescribe a mode of procedure, or might lay down a general rule applicable to all cases. Such being the conclusion to which I have come, both from the argument here and those had elsewhere, it must be held that this affidavit is insufficient. It is no affidavit at all. It is a form of affidavit that might be used for the verification of a pleading or other purposes when authorized by statute, but as evidence it is nothing. I shall have to sustain the motion to remand, on the ground that there is no evidence before me from which to find the existence of any prejudice or local influence. As a question of practice, and out

of respect to the state court, I think that the affidavit of prejudice or local influence may be filed in that court, and then a certified copy filed in this.