## BRODHEAD v. SHOEMAKER et al.

(*Circuit Court, N. D. Georgia.* December 26, 1890.)

1. **REMOVAL OF CAUSES—PROBATE PROCEEDING.**
   Under Code Ga. §§ 2424, 2427, which provide for the probating of a will in solemn form by a proceeding *inter partes* which is conclusive as against those contesting the will, such a proceeding is a suit within the meaning of the removal statutes.

2. **SAME—LOCAL PREJUDICE—TIME OF APPLICATION.**
   Under Act Cong. Aug. 13, 1888, (25 St. at Large, 433,) which provides that removals on the ground of prejudice or local influence may be had "at any time before the trial," the removal is not too late if the case, though it has been once decided, is yet to be tried *de novo* in the appellate tribunal before a jury.

3. **SAME—APPLICATION—TRAVERSE.**
   A petition for removal on the ground of local prejudice, when in proper form and duly verified, cannot be traversed or contradicted by the adverse party. Following *Cooper* v. *Railroad Co.*, 42 Fed. Rep. 697.

In Equity.   On motion to remand.

The Georgia Code provides:

"Sec. 331. Courts of ordinary have authority to exercise original, exclusive, and general jurisdiction of the following subjects-matter: (1) Probate of wills; (2) the granting of letters testamentary, of administration, and the repeal or revocation of the same." "Sec. 2421. The court of ordinary has exclusive jurisdiction over the probate of wills. The residence of testator at his death gives jurisdiction to the ordinary of that county." "Sec. 2423. Probate of a will may be either in common or solemn form. In the former case, upon the testimony of a single subscribing witness, and without notice to any one, the will may be proven and admitted to record. But such probate and record is not conclusive upon any one interested in the estate adversely to the will, and, if afterwards set aside, does not protect the executor in any of his acts further than the payment of the debts of the estate. Purchasers under sales from him legally made will be protected, if *bona fide* and without notice. Sec. 2424. Probate by the witnesses, or in solemn form, is where, after due notice to all the heirs at law, the will is proven by all the witnesses in existence and within the jurisdiction of the court, or by proof of their signatures and that of the testator, the witnesses being dead, and ordered to record. Such probate is conclusive upon all the parties notified, and all the legatees under the will who are represented in the executor." "Sec. 2427. Notice of a motion for probate in solemn form must be personal if the party resides in the state, and at least ten days before the term of the court when the probate is to be made. If the residence be without the state, or unknown, then the court shall pass such order as to publication as will tend most effectually to give notice. The records of the court shall show the persons notified, and the character of the notice given." "Sec. 3611. An appeal lies to the superior court from any decision made by the court of ordinary, except an order appointing a temporary administrator." "Sec. 3627. An appeal to the superior court is a *de novo* investigation. It brings up the whole record from the court below, and all competent evidence is admissible on the trial thereof, whether adduced on a former trial or not. Either party is entitled to be heard on the whole merits of the case. Sec. 3628. An appeal suspends but does not vacate judgment, and if dismissed or withdrawn, the rights of all the parties are the same as if no appeal had been entered. Sec. 3629. No person shall be allowed to withdraw an appeal after it shall be en-

tered, but by the consent of the adverse parties. Sec. 3630. All appeals to the superior court shall be tried by a special jury at the first term after the appeal has been entered, unless good cause be shown for continuance."

On the 21st of February, 1889, Robert S. Brodhead filed a petition in the office of the ordinary of Floyd county, Ga., showing that his wife, Susan A. Brodhead, lately domiciled in and a resident of said county, departed this life on the 17th day of February, 1889, after having heretofore, to-wit, on the 22d day of October, 1887, made, executed, and published her last will and testament, wherein petitioner is nominated and made sole executor; and petitioner, said executor, produces said last will and testament, and prays that the same may be probated and admitted to record as provided by the statute, etc. Thereafter, on the 4th day of March, 1889, after due proceedings had, said last will and testament of Susan A. Brodhead was admitted to probate in common form under the statute hereinbefore cited, and letters testamentary were ordered to be issued to the said Robert S, Brodhead, as sole executor nominated in said will. Thereafter, on the 19th day of March, 1889, the said Robert S. Brodhead filed with said ordinary a petition setting forth the death of said Susan A. Brodhead; her last will and testament; the fact that she left no children; that petitioner is her sole heir at law, and entitled to all her real and personal estate; that she left no heirs at law in the state of Georgia other than petitioner, but did leave three heirs at law by the laws of the state of Pennsylvania, to-wit, petitioner, and Jane H. Shoemaker, and Elijah McB. Shoemaker, the two latter of the state of Pennsylvania, in which last-named state deceased is alleged to have left certain property in the nature of annuities, alleged to be personal property. Petitioner alleged that the said last will and testament had already been probated in common form, and, producing the will, prayed that it might be proven in solemn form according to the statute hereinbefore cited. To that end he prayed that the heirs at law of said deceased, to-wit, Mrs. Jane H. Shoemaker and Elijah McB. Shoemaker, be cited to appear in the said court of ordinary on the first Monday of the month of May following, to show cause, if any exists, why said will should not be proven in solemn form, and admitted to record as the last will and testament of said deceased. Thereupon an order was made that the said Jane H. Shoemaker and Elijah McB. Shoemaker, residents of Wilkesbarre, Pa., should appear before the court of ordinary at Floyd county on the first Monday of May following, then and there to show cause, etc.; and it was further ordered that the said heirs at law be served personally with a copy of the petition and order, at their residence, or by service on their attorney at law, and also by publication. Thereupon Jane H. Shoemaker and Elijah McB. Shoemaker appeared in the said court of ordinary, and filed a demurrer to the said petition; and after said demurrer was overruled they appeared as caveators, and in their said *caveat* denied the jurisdiction of the court of ordinary of the county of Floyd, on the ground that the only residence of the deceased in the state of Georgia was the county of Fulton, wherein she left personal property,

and afterwards, without, waiving the said *caveat* filed on the jurisdictional ground, did further caveat the application to prove in solemn form, and for grounds, alleged:

"(1) That on October 22, 1887, the date when said paper purporting to be a will was executed, the said Susan A. Brodhead was not entitled to make a will, because laboring under disability of the law which arises from want of capacity, in this: That she had not the capacity necessary to enable her to have a decided and rational desire as to the disposition of her property. (2) That on October 22, 1887, the said Susan A. Brodhead was not entitled to make a will because laboring under disability of the law arising from a want of perfect liberty of action, in this: That the propounder, Robert S. Brodhead, who was her husband, exercised undue influence upon her by cruel treatment and practicing upon her fears, thus substituting his own will for the wishes of said Susan A. Brodhead; that this cruel treatment consisted of blows inflicted upon her, and  *  *  *  profane language, and harsh manner, by which the will of a weak and diseased woman was absolutely controlled. (3) That on the date when said paper purporting to be the will was executed, the said Susan A. Brodhead was not entitled to make a will because laboring under disability of the law arising from want of perfect liberty of action, in this: That her said husband, the propounder, to whom nearly her entire estate, consisting of personalty and lands of very great value, was bequeathed and devised, held her in durance of imprisonment, and by imprisonment, and the threat of imprisonment, compelled her to execute the paper aforesaid, whereby his wishes were substituted for the will of the said Susan A. Brodhead. (4) That on the date when said paper purporting to be the will was executed, said Susan A. Brodhead was not entitled to make a will, because laboring under disability arising from want of capacity and the want of perfect liberty of action, in this: The said Susan A. Brodhead had no children; that she had been for years before the date aforesaid addicted to the intemperate use of liquor and opiates to such an extent as to have impaired her mind, and to render her an imbecile, and the prey of any designing person; that so imbecile had she become that she would yield to any directions that were imposed upon her by any person who would supply her with liquor or opiates; that her will power had been totally destroyed, and she was constantly subject to the fears and apprehensions which characterize that diseased condition; and these were emphasized by the cruel and harsh treatment of her said husband, the propounder herein; that the propounder had an easy subject upon which to operate, and, to secure the execution of the paper aforesaid, used fraudulent practices upon testatrix's fears, and through diseased craving for stimulants and opiates."

Wherefore caveators say that—

"The paper purporting to be the will of said Susan A. Brodhead is not her will, and should not be admitted to probate and record."

Thereupon, on the 6th day of May, 1889, following, the said court of ordinary entered the following:

"Upon the hearing and petition of Robert S. Brodhead, upon the probate of solemn form of the paper pronounced by him as the last will and testament of Susan A. Brodhead, late of said county, deceased, and for its admission to record as such, and it appearing that the parties in interest are heirs, to-wit, Mrs. Jane H. Shoemaker, mother of the testatrix, and Elijah McB. Shoemaker, brother of the testatrix, both of the city of Wilkesbarre, Pa., have had legal notice of said application, and the time of hearing, and have failed to show any legal and sufficient cause why said paper should not be proven and admitted to record as the last will and testament of said deceased, it is therefore

ordered and adjudged by the court, upon the proof of said last will by all the witnesses to said will, that the same be set up as the last will and testament of the said Susan A. Brodhead, deceased, and that the same be admitted to record as such. It is further ordered and adjudged that letters testamentary issue to the said Robert S. Brodhead, the executor named in said will, upon his taking the oath required by law."

From the aforesaid judgment and decree of the court of ordinary in the case the said Jane H. Shoemaker and Elijah McB. Shoemaker, under the statute hereinbefore cited, appealed the said cause to the superior court of Floyd county, which appeal was allowed, and the proper record filed in the clerk's office of said superior court of Floyd county, August 2, 1888. On October 17, 1889, the following order was entered in the superior court of Floyd county:

*"Robert S. Brodhead, Executor and Propounder of the Last Will and Testament of Susan A. Brodhead, vs. Jane H. Shoemaker and Elijah McB. Shoemaker.*

"Appeal from the court of ordinary. Probate of will in Floyd county, Georgia. Ordinary No. 30 and 31. Floyd superior court, September term, 1887.

"By the consent of counsel for the parties it is ordered that the above case now on the board for the 21st inst. be advanced, and reset for trial on the third Monday of November next."

On the 15th day of November following, Jane H. Shoemaker and Elijah McB. Shoemaker filed a petition in the circuit court of the United States for the northern district of Georgia, setting forth the aforesaid litigation; the residence of Robert S. Brodhead in the state of Georgia; their own residence in the state of Pennsylvania; alleging that from prejudice and local influence petitioners will not be able to obtain justice in said state court, or in any other state court to which the said defendants may, under the laws of the state of Georgia, have the right, on account of such prejudice or local influence, to remove said cause; that the value in dispute largely exceeded the sum of $2,000; and praying that the said suit might be removed to the circuit court of the United States for said northern district of Georgia. Together with said petition, several affidavits and exhibits were filed. Thereupon, on said petition, the said circuit court certifying that it being made to appear that, from prejudice and local influence, the said defendants will not be able to obtain justice in the said superior court of Floyd county, Ga., or in any other state court to which said defendants might, under the laws of the said state, have the right, on account of prejudice and local influence, to remove said cause, it was ordered that said cause be removed; and said cause is hereby removed from said superior court of Floyd county to the circuit court of the United States for the northern district of Georgia. The record being filed in this court, Robert S. Brodhead appeared, and moved to remand the case to the superior court of Floyd county on the following grounds:

"(1) Because the removal was had on the *ex parte* petition of caveators, without notice to the propounder or his counsel. (2) Because the court of ordinary of Floyd county, Ga., is a court of record, having general, original, and exclusive jurisdiction of the probate of wills, and the petition to remove said cause should have been filed in that court prior to the trial therein; and

after the decision of that court on a regular hearing thereof, and the appeal from the judgment there rendered, the petition filed in Floyd superior court came too late. (3) Because this court has no jurisdiction of this case, or of the probate of wills, either original or otherwise, and can acquire none under the removal act of 1887. (4) Because the petition and affidavit for removal are uncertain and insufficient in law, and present no allegations sufficiently certain to authorize or require issue to be joined therein. (5) Because the petition for the removal, and the affidavit of Jane H. Shoemaker, upon which said petition is based, are not true; mover in motion traversing the various allegations of said petition and affidavit."

, J. Branham, A. R. Brandage, and Thos. L. Bishop, for plaintiff.

Harry Jackson, Tom Cobb Jackson, Geo. R. Bedford, and Wright, Mayerhard & Wright, for defendants.

Before PARDEE and NEWMAN, JJ.

PARDEE, J., (after stating the facts as above.) Under section 2423 of the Code of Georgia, a proceeding to probate a will in common form is a probate proceeding pure and simple, the probate and record not being conclusive upon any one interested in the estate adversely to the will, and, if afterwards set aside, not protecting the executor in any of his acts further than the payment of the debts of the estate. Under the same section, and sections 2424 and 2427 of the same Code, a proceeding to probate a will in solemn form is a proceeding inter partes to establish the will conclusively and as a muniment of title; and when, in such a proceeding, the heirs at law are brought in, and they contest the validity of the will and the capacity of the testator, an issue or controversy is formed or made which can be classified as a suit at law. The pleadings in the state courts in this case show such controversy between the parties. From them it clearly appears that the plaintiff, or propounder, a citizen of Georgia, is seeking to establish in his favor, and conclusively against the defendants or caveators, citizens of Pennsylvania and heirs at law of Mrs. Brodhead, the validity of Mrs. Brodhead's will; the said defendants denying the capacity of Mrs. Brodhead to make a valid will, and specially denying the validity of the will propounded. The pleadings further show that, dependent upon the controversy thus existing in the case, depends the ownership and title to property, not only in the state of Georgia, but in the state of Pennsylvania. From the statutes cited, and the record of the case as made up to the time of removal, it appears perfectly clear that the proceeding pending in the superior court of Floyd county, Ga., taken in connection with the removal statutes of the United States, was a suit in which there was a controversy removable by the defendants to the circuit court of the United States for the northern district of Georgia, upon compliance with the conditions prescribed in said removal statutes; and this, within the rule laid down by the supreme court in Gaines v. Fuentes, 92 U. S. 10; Ellis v. Davis, 109 U. S. 485, 3 Sup. Ct. Rep. 327. See, also, Boom Co. v. Patterson, 98 U. S. 403; Hess v. Reynolds, 113 U. S. 75, 5 Sup. Ct. Rep. 377; Payne v. Hook, 7 Wall. 425; Justice BRADLEY's dissenting opinion in Rosenbaum v. Bauer, 120 U. S. 461, 7 Sup. Ct. Rep. 633.

Objection is made, however, that, if the case was removable, the application therefor, coming after appeal from the court of ordinary to the superior court of Floyd county, came too late.   Code Ga. §§ 331, 2421, 3479, 3611, 3627, 3628, 3630, show that, while the proceeding to probate a will in solemn form must be instituted in the court of ordinary of the county in which the testator had his residence at his death, which court of ordinary, under the statute, has original and exclusive jurisdiction in the matter of probating wills, yet the trial and decision of the ordinary is not final and conclusive upon the facts involved, as either party may appeal the matter to the superior court of the county, carrying up the whole case for a trial *de novo* upon new and additional evidence, and, if desirable or necessary, upon amended pleadings, and where, for the first time in the proceedings, the issues involved can be submitted to a trial by jury.   Section 2 of the act of 1887, re-enacted August 13, 1888, (25 St. at Large, 433,) provides that "removals of cases pending in the state courts to the circuit courts of the United States, on the ground of prejudice or local influence, may be had at any time before the trial thereof."   The third clause of section 639 of the Revised Statutes, which was the law controlling removals in cases of prejudice or local influence prior to the act of 1887, provided that the removal should be on a "petition filed at any time before the trial or final hearing in the suit."   Under this statute, there is a line of decisions holding that, no matter how many previous trials might have been had in the case, the removal might be had at any time before the final and effective trial.   See *Insurance Co.* v. *Dunn,* 19 Wall. 214; *Vannevar* v. *Bryant,* 21 Wall. 41; *Railroad Co.* v. *Bates,* 119 U. S. 464, 7 Sup. Ct. Rep. 285.   In the case of *Fisk* v. *Henarie,* 32 Fed. Rep. 417, which was a case removed under the act of 1887 on the ground of prejudice or local influence, after a number of trials had been had in the case, and after there had been one appeal to the supreme court of the state, resulting in a new trial being ordered, Judge DEADY, after considering the whole question in a very able and elaborate opinion, holds that, "the phrase 'before the trial,' as used in the act of 1887, fairly construed, means the same as the phrase in the third clause of section 639, Rev. St., 'before the trial or final hearing of the suit.'"   He says:

"In the nature of things the trial of the case is not any one, but the final one,—the one that stands as the thing accomplished in the case.   Where a jury is discharged without a verdict the proceeding is properly known as a 'mistrial;' and where a verdict is set aside because it ought not to stand the result is the same,—the proceeding has miscarried, and the consequence is not a trial, but a mistrial; and in the case of removal from local prejudice or influence, there is a good reason for giving the non-resident party the right to make the application after a mistrial, for, as was said by Mr. Justice MILLER in *Hess* v. *Reynolds,* 113 U. S. 75, 5 Sup. Ct. Rep. 377, 'the hostile local influence may not become known or developed at an earlier stage of the proceedings.' "

We agree with the opinion of Judge DEADY, and merely add to the reasoning part of what was said by the chief justice in *Yulee* v. *Vose,* 99 U. S. 545, when considering the removal under the act of 1866, and

which seems to be perfectly applicable to removals for prejudice and local influence under the act of 1887:

"In view of the fact that sometimes, in the progress of a cause, circumstances developed themselves which made such a transfer desirable, when at first it did not appear to be so, the right of removal in this class of cases was kept open until the trial or final hearing, instead of being closed after an entry of appearance, as was the rule under the act of 1789. We think this gives such a party the right of removal at any time before trial, when the necessary citizenship of his co-defendants is found to exist, and a separation of his interest in the controversy can be made. There is nothing in the act to manifest a contrary intention, and this construction does no more than give the party to whom this new privilege is g⌐anted an opportunity to avail himself of any circumstances that may appear in his favor previous to the time when he is called upon finally to act."

But the objection is specifically made in the present case that, although a cause may be removed for prejudice or local influence after a mistrial in the state court, it cannot be removed after there has been a trial in one state court, and an appeal taken therefrom to another. The jurisdictional act of 1887 says:

"Where a suit is now pending or may be hereafter brought in any state court in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state, the defendant, being such citizen of another state, may remove said suit into the circuit court of the United States for the proper district, at any time before the trial thereof," etc.

This statute plainly reads that a suit pending for trial in the state court may be removed, if a proper case, before the trial. If it be true, as claimed, that the act of 1837 was passed for the purpose of restricting and limiting the jurisdiction of the United States courts, and therefore to be strictly construed, it does not follow that the courts should insist upon additional conditions relative to the right of removal. If the suit is pending in the state court, and the trial is yet to be had, and the right of removal from prejudice and local influence is not affected by any number of preliminary trials, not conclusive on parties, previously had in that court, why should the right of removal be affected by any number of preliminary and inconclusive trials in any other state court from which the suit has been removed by the operation of the laws of the state? In *Boom Co.* v. *Patterson, supra,* a case removed under the act of 1875, where the petition for removal was required to be filed in the state court "before or at the time at which said cause can be first tried, and before the trial thereof," the trial before commissioners (the appeal from whose decision constituted the pending suit) was held to be preliminary, and in the nature of an inquest; stress being laid on the fact that, under the laws of the state, on the appeal there was to be a trial by jury. In *Hess* v. *Reynolds, supra,* a case removed under section 639, Rev. St., on account of prejudice and local influence, and where the pending suit was an appeal from the decision of commissioners appointed by the probate court, Mr. Justice MILLER, for the court, says:

"It is said, however, that the trial spoken of had taken place before the commissioners of Ionia county, to whom the case had been referred. But we do not look at that proceeding as a trial within the meaning of the statute. It

was merely a report, subject to be affirmed or rejected by the probate judge, and, by the express terms of the statute, subject to a right of appeal to a court in which a trial by jury could be had. The latter was the trial or final hearing of the suit which would conclude the right of removal, and, until such trial commenced, the right of removal under this provision remained."

Here, again, stress was laid upon the fact that the original proceeding was by the statute subject to a right of appeal to a court in which a trial by jury could be had. In *Pacific Railroad Removal Cases,* 115 U. S. 1, 5 Sup. Ct. Rep. 1113, where one of the pending suits in the state courts held to be removable under the act of 1875 was an appeal from a trial before a mayor and jury, the case was held to be controlled by *Boom Co.* v. *Patterson, supra,* and that the said trial by the mayor and jury did not affect the right of removal. In the cases of *Railway Co.* v. *Jones,* 29 Fed. Rep. 193, and *Mineral Range R. Co.* v. *Detroit & Lake Superior Copper Co.,* 25 Fed. Rep. 515, cited with approval in the case of *Searl* v. *School-Dist.,* 124 U. S. 197, 8 Sup. Ct. Rep. 460, which was a similar case, it was held that proceedings for expropriation instituted before commissioners under special or general statutes of a state, for assessment of damages, were controversies removable under the federal statute to a proper circuit court of the United States; and that the removal could be properly made in the case pending before such commissioners, and before any appeal to another court. In *Delaware Co.* v. *Diebold Safe Co.,* 133 U. S. 473, 10 Sup. Ct. Rep. 399, which was a case commenced, under the Indiana statute, against Delaware county, before the board of county commissioners, and after trial before said commissioners was appealed to the circuit court of the county, and thereafter removed by reason of prejudice and local influence to the circuit court of the United States, the case was held removable; the court using this language:

"It follows, according to the decisions of this court in analogous cases, that the trial in the circuit court of the county was 'the trial' of the case at any time before which it might be removed to the circuit court of the United States under clause 3, § 639, Rev. St.;" citing *Boom Co.* v. *Patterson; Hess* v. *Reynolds. supra; Railway Co.* v. *Kansas City,* 115 U. S. 1, 5 Sup. Ct. Rep. 1113; and *Searl* v. *School-Dist., supra.*

From these adjudged cases, it seems clear that, while a proper controversy may be removed under the statutes of the United States as soon as properly made before any state tribunal, yet, where the time of removal under the statute is before the trial thereof, the removal is not too late if the case is yet to be tried upon its merits before a state tribunal of either original or appellate jurisdiction; and, particularly, if such trial is to be a jury trial; and in this connection we may notice that Const. U. S., Amend. 7, provides "that in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved," from which we think it a fair inference that the trial mentioned in the removal act refers to and was intended to mean the trial by jury secured by the constitution, and that while the defendant still has the right to challenge the array of jurors, it cannot be too late to remove the cause for prejudice and local influence. In the present case the whole case was carried to the superior court of Floyd county,

in which court there was to be a trial *de novo* with the right to present additional evidence and to amend the pleadings; and, for the first time in the progress of the cause, a trial by jury was to be had.

It is further objected, however, to the right of removal in this case, that the order of removal was obtained from the circuit court without notice to the parties, and upon affidavits which, it is alleged, are not true. In the case of *Cooper* v. *Railroad Co.*, 42 Fed. Rep. 697, this court held that—

"Since Act Cong. March 3, 1887, which provides for the removal of causes on the ground of local prejudice, does not prescribe any mode of procedure, a petition for removal, accompanied by an affidavit by a person authorized to make it, stating of his own knowledge the existence of prejudice and local influence, is sufficient to justify an order of removal; and where such an affidavit is presented the court will not permit the adverse party to traverse it, and will not hear evidence on the subject."

Since that decision it has been the rule of this court. On the whole case presented on this motion to remand we are of opinion, for the reasons aforesaid, that the cause was properly removed from the state court to this court. The motion to remand is denied.

NEWMAN, J., concurs.