## FRANZ v. WAHL.

(District Court, E. D. Arkansas. June 18, 1897.)

1. REMOVAL OF CAUSES—PROCEEDING TO PROBATE WILL.
   The only way to contest a will under the Arkansas statutes being by objection to its probate, or by appeal to the circuit court from the order of the probate court, such a proceeding may be removed to the federal court in a proper case.
2. SAME—LOCAL PREJUDICE.
   An affidavit stating directly and unequivocally that the applicant cannot get justice in the state courts, because of local prejudice and undue influence of the adverse party, is sufficient to justify a removal.

This was a proceeding to probate a will under the Arkansas statutes. The case was heard on an application to remove the cause to this court on the ground of local prejudice.

Rose, Heminway & Rose, for plaintiff.
Wood & Henderson, for defendant.

WILLIAMS, District Judge. There are two questions involved in the motion to remove: First, is the proceeding to probate a will a case at law or in equity which is removable under the federal statutes? And, second, does the affidavit in support of the petition sustain the allegation of local prejudice or undue influence?

Upon the first question, it would seem only necessary to recur to well-established fundamental principles in order to reach a proper conclusion. In the first place, the question of the validity of a will was one of which courts at law had jurisdiction by proceeding to try the issue devisavit vel non at the time the federal system of judiciary was established. It was therefore a case at law, within the meaning of the federal statutes; and, where the necessary conditions of diverse citizenship or local prejudice existed, it was a proceeding properly cognizable in a court of the United States, either upon suit brought there, or properly removed to it. That proceeding has been abolished by the Arkansas statutes, and now the only way to contest a will is by objection to its probate in the probate court, or by appeal from the order of the probate court to the circuit court. If this proceeding cannot be removed to the federal courts, then the right to contest a will in the federal courts at all is taken away by the Arkansas practice acts. This cannot be done. State legislation cannot curtail, by changing rules of practice or laws regulating the jurisdiction of the courts, the jurisdiction of federal courts. Hyde v. Stone, 20 How. 170, 175. As was recently decided by the court of appeals of this circuit in Darragh v. Manufacturing Co., 23 C. C. A. 609, 78 Fed. 7, rights created or provided by the statutes of the states, to be pursued in the state courts, may be enforced and administered in the national courts, either at law or in equity, as the nature of the rights

or remedies may require, and rights at law or in equity will be administered in the federal courts without reference to state legislation regulating the manner in which such rights are administered. It is there repeated that a party loses nothing by going into a federal court; that his relief will be as complete in the federal court as it could be in the state court. The statutes of Arkansas provide that no suit can be brought against a county of the state, but that all proceedings against counties must be by petition of the county court. But the federal court has held that this statute cannot deprive a county of the right to sue a party in a federal court. Chicot Co. v. Sherwood, 148 U. S. 529, 13 Sup. Ct. 695. And this court entertains suits against counties notwithstanding the statute. Thompson v. Searcy Co., 6 C. C. A. 674, 57 Fed. 1030. So that it is plain that if a proceeding to contest a will is not removable, because of our peculiar statutory regulation, the federal court has been deprived of its jurisdiction over matters formerly within its cognizance by state legislation. The precise question has been decided in Georgia, where the statutes are exactly similar to ours, in the case of Brodhead v. Shoemaker, 44 Fed. 518. Counsel, in opposing the motion, insists that this case is in conflict with an opinion delivered in Ohio by Judge Ricks. This appears to me plainly incorrect. In Ohio the proceeding to probate the will is ex parte, not conclusive upon the parties, and is therefore held to be not removable. Any party who desires to do so may contest the will after it has been admitted to probate, and, when a proceeding for that purpose is brought, it is removable, according to the Ohio decision. The decision of Judge Pardee in Georgia recognizes this rule as correct, but holds it inapplicable where the proceeding to probate the will is adversary, the parties are before the court, and the decision reached is final. Such is the effect of the proceeding now sought to be removed, and to me it seems plain that it is removable.

2. The amended affidavit in support of the motion to remove alleges directly and unequivocally that the applicant cannot get justice in the state courts, because of the local prejudice and undue influence of the proponent of the will. Some courts have held that the affidavit should set out fully the circumstances to support the conclusion, but Judge Brewer held that where the affidavit stated the facts in the language of the statute, and not a mere belief in the facts, it was prima facie sufficient. Short v. Railway Co., 34 Fed. 227. The application for removal will be granted.