MEADOW v. NASH.

(District Court, N. D. Georgia.    March 16, 1918.)

No. 125.

REMOVAL OF CAUSES ⊂⊃4—CASES REMOVABLE—PROCEEDINGS FOR PROBATE OF WILL.

    A nonresident, who filed a caveat to proceedings in the Georgia courts for the probate of a will, is not entitled to remove the cause to the federal court, for the case was a purely probate one, and not a suit inter partes.

At Law.    Proceeding by David W. Meadow for the probate of the will of James M. Smith, deceased, to which Mrs. Nancy E. Nash filed a caveat.    Motion to remove the case to the federal District Court was denied, and the will was propounded.    Thereafter the caveator filed the record in the federal court.    On motion to remand.    Motion granted.

Hamilton McWhorter, Sr., H. C. Erwin, and H. M. Holden, all of Athens, Ga., H. McWhorter, Jr., of Lexington, Ga., and Samuel H. Sibley, of Union Point, Ga., for propounder.

Jones & Chambers and Little, Powell, Smith & Soldstein, all of Atlanta, Ga., for caveator.

NEWMAN, District Judge.    This case was removed to this court in this way: It was a proceeding to propound the will of James M. Smith, deceased, late of Oglethorpe county, and the caveat of Mrs. Nancy E. Nash, who is a resident of Navarro county, Tex.    Mrs. Nash, having filed her caveat in the court of ordinary, made application to remove the case to the United States District Court for this district. The motion was denied and the will propounded, and the case then removed to the superior court of Oglethorpe county.    Subsequently the record in the case was filed in this court upon the ground, evidently, that the caveator had a right to remove it, notwithstanding the decision of the ordinary.    There is a provision in the statute, of course, for doing this; that is, for filing the record in this court in a proper case, where the moving party is entitled to have the case removed.

The matter now under consideration is a motion to remand the case to the state court.    The case mainly relied on by counsel for the caveator, Mrs. Nash, is that of Brodhead v. Shoemaker, 44 Fed. 518, 11 L. R. A. 567, decided by Circuit Judge Pardee and myself.    That case was removed to this court on the ground of local prejudice, and we declined to remand it.    Inasmuch as Judge Pardee and I made that decision together, I have conferred with him since the argument in this case.    Judge Pardee, after stating that he had looked into the matter before and expressed some doubt as to the Brodhead v. Shoemaker Case being sound on all the points involved, as compared with the Farrell Case, 199 U. S. 89, 25 Sup. Ct. 727, 50 L. Ed. 101, says:

"Since getting your letter, I have looked into the matter again far enough to see that the Brodhead v. Shoemaker Case differs decidedly in facts in

general from the Smith Case. In the Smith Case, as I understand, at the time of the removal the will had not passed through the ordinary's court. In the Brodhead v. Shoemaker Case the probate had passed the ordinary, and the caveat was pending in the superior court, and in that the litigation was really between Brodhead and the Shoemakers, who were all nonresidents of the state. In the Smith Case interested parties are not all nonresidents, but are scattered generally. The case of Brodhead v. Shoemaker we removed was a case inter partes. The Smith Case can hardly be said to be in any reasonable sense a case between particular parties all before the court."

If there be any doubt about the soundness of the decision in the Brodhead v. Shoemaker Case, and there may be some doubt, I think the question is fully set at rest by the decision of the Supreme Court of the United States in Farrell v. O'Brien, 199 U. S. 89, 25 Sup. Ct. 727, 50 L. Ed. 101. Probably two headnotes in that case will show sufficiently what was decided there. They are as follows:

"Where a state law, statutory or customary, gives to the citizens of the state, in an action or suit inter partes, the right to question at law the probate of a will, or to assail probate in a suit in equity, the courts of the United States in administering the rights of citizens of other states or aliens will enforce such remedies. The action or suit inter partes, however, must relate to independent controversies, and not to mere controversies which may arise on an application to probate, or a mere method of procedure ancillary to the original procedure.

"The statutory procedure of the state of Washington for probate of wills relates to nuncupative wills as well as ordinary wills, and the authority conferred on the courts to contest a will is a part of the probate-procedure, and does not cause a contest to be a suit inter partes, and therefore the Circuit Court of the United States, in a case where jurisdiction is based on diverse citizenship, is without jurisdiction to declare either the nonexistence of a nuncupative will or the nullity of the probate thereof by the probate court."

In the reasoning of the court in the opinion by Mr. Justice White (now Chief Justice White), the whole matter is thoroughly discussed, and as the facts of the case and the situation of the litigation were much more favorable to the right of removal than in this case, it makes that decision, in my opinion, absolutely controlling on the question here. This is a mere question of probate of a will in a court of ordinary, and nothing else. An examination of the Farrell Case will show that the decision really went beyond what is claimed here, because in that case it was a proceeding, not in the probate court, but a suit in equity, filed in the Circuit Court of the United States (now the District Court) to set aside and annul the probate of the will of the deceased. Here, as I have stated, it is simply an effort to remove the case from the court of ordinary, which is purely a probate court so far as relates to these matters. I consider that case absolutely controlling on the question here, and Circuit Judge Pardee, as I have stated, agrees with me that this case is not a removable one.

In the Farrell Case reference is made in the opinion to the case of Gaines v. Fuentes, 92 U. S. 10, 23 L. Ed. 524, and a quotation is made from the opinion in that case to the following effect:

"It is, in fact, an action between parties; and the question for determination is whether the federal court can take jurisdiction of an action brought for the object mentioned between citizens of different states, upon its removal from a state court."

Reference is also made to the case of Broderick's Will, 21 Wall. 503, 22 L. Ed. 599, and quotations from it are given showing that it was a case inter partes, and not such a case as the one now before the court; also the case of Ellis v. Davis, 109 U. S. 485, 3 Sup. Ct. 327, 27 L. Ed. 1006, and a quotation is made from it as follows:

"The original probate [of wills], of course, is mere matter of state regulation, and depends entirely upon the local law; for it is that law which confers the power of making wills, and prescribes the conditions upon which alone they may take effect; and as, by the law in almost all the states, no instrument can be effective as a will until proved, no rights in relation to it, capable of being contested between parties, can arise until preliminary probate has been first made. Jurisdiction as to wills, and their probate as such, is neither included in nor excepted out of the grant of judicial power to the courts of the United States. So far as it is ex parte and merely administrative, it is not conferred, and it cannot be exercised by them at all, until, in a case at law or in equity, its exercise becomes necessary to settle a controversy over which a court of the United States may take cognizance by reason of the citizenship of the parties."

Then the decision in the Farrell Case proceeds:

"The court expressly reaffirmed the want of power in a federal court of equity to set aside the probate of a will in the absence of a state statute giving the right in the courts of the state to such equitable relief"—it being reiterated (p. 494): "'It is well settled that no such jurisdiction belongs to the Circuit Courts of the United States as courts of equity; for courts of equity as such, by virtue of their general authority to enforce equitable rights and remedies, do not administer relief in such cases. The question in this aspect was thoroughly considered and finally settled by the decision of this court in the case of Broderick's Will, 21 Wall. 503 [22 L. Ed. 599].'"

An order will be entered remanding the case to the state court from which it was removed.