SHEHANE et al. v. SMITH et al.

(District Court, N. D. Georgia. March 29, 1919.)

No. 40.

REMOVAL OF CAUSES ☞5—RIGHT OF REMOVAL—NATURE OF SUIT—PROBATE PROCEEDINGS.

A suit in a state court by administrators for directions in the distribution of the estate, authorized by Park's Ann. Civ. Code Ga. § 4597, is a part of or ancillary to the probate proceedings, and is not removable into a federal court.

In Equity. Suit by James F. Shehane and others against Zadoc Smith and others. On motion to remand to state court. Motion granted.

Erwin, Rucker & Erwin, Horace M. Holden, and Hamilton McWhorter, all of Athens, Ga., Sibley & McWhorter, of Lexington, Ga., W. M. Howard, of Augusta, Ga., and Paul Brown, of Lexington, Ga., for petitioners.

E. F. Noel, of Lexington, Miss., and W. A. Slaton, of Washington, Ga., for defendants.

NEWMAN, District Judge. This case is removed to this court from the state court—that is, the superior court of Oglethorpe county, Ga.—and is now heard on a motion to remand. It is a bill filed by the administrators of the estate of James M. Smith, deceased, for directions in the disposition of the properties that have come into their hands, and is a suit which the statute of Georgia authorizes (Park's Code Ga. § 4597), which statute is as follows:

"In a case of difficulty in construing wills, or distributing estates, in ascertaining the persons entitled, or in determining under what law property should be divided, the representative may ask the direction of the court, but not on imaginary difficulties or from excessive caution."

It is not even suggested that this bill was unnecessary, or that the questions upon which the administrators were in doubt were simply

"imaginary" difficulties, so it is a proper bill under this statute. It is a proceeding, therefore, incident to the administration of the estate of James M. Smith, and one which seems to be really a part of the probate proceedings concerning the regular administration of the estate, certainly ancillary thereto.

It is not such a suit as might be brought by one of the heirs at law to recover his share of the estate, which would probably be a suit inter partes and would be removable. The case presented here is not one between the parties as to their respective interests at all, or to have any rights they might have enforced. It is simply for direction and protection by the administrators. It is a matter of safety with them to have a decision of the court as to how the estate should be distributed. Is it a proceeding which can be removed to the United States District Court?

In the recent case of Meadow v. Nash, 250 Fed. 911, removed to this court, where this same will was involved, in the opinion filed in that case I referred to the case of Farrell v. O'Brien, 199 U. S. 89, 25 Sup. Ct. 727, 50 L. Ed. 101, quoting simply the headnotes. I think a thorough examination of that case, while it was a case originally brought in the Circuit Court of the United States (now the District Court), furnishes a test of the right of proceeding in the United States courts to interfere with proceedings concerning the probate of a will in the state courts, and as I say in that case (page 912):

"In the reasoning of the court in the opinion by Mr. Justice White [now Chief Justice White], the whole matter is thoroughly discussed, and as the facts of the case and the situation of the litigation were much more favorable to the right of removal than in this case, it makes that decision, in my opinion, absolutely controlling on the question here," etc.

In the opinion in Farrell v. O'Brien, supra, 199 U. S. at page 110, 25 Sup. Ct. 733, 50 L. Ed. 101, Mr. Justice White says:

"Let us, then, first deduce the principles established by the foregoing authorities as to the power of a court of the United States over the probate or revocation of the probate of a will. An analysis of the cases, in our opinion, clearly establishes the following:

"First. That, as the authority to make wills is derived from the state, and the requirement of probate is but a regulation to make a will effective, matters of pure probate, in the strict sense of the words, are not within the jurisdiction of courts of the United States.

"Second. That where a state law, statutory or customary, gives to the citizens of the state, in an action or suit inter partes, the right to question at law the probate of a will or to assail probate in a suit in equity the courts of the United States in administering the rights of citizens of other states or aliens will enforce such remedies.

"The only dispute possible under these propositions may arise from a difference of opinion as to the true significance of the expression 'action or suit inter partes,' as employed in the second proposition. When that question is cleared up the propositions are so conclusively settled by the cases referred to that they are indisputable. Before coming to apply the proposition we must, therefore, accurately fix the meaning of the words action or suit inter partes.

"The cited authorities establish that the words referred to must relate only to independent controversies inter partes, and not to mere controversies which may arise on an application to probate a will because the state law provides for notice, or to disputes concerning the setting aside of a probate, when the remedy to set aside afforded by the state law is a mere continua-

tion of the probate proceeding; that is to say, merely a method of procedure ancillary to the original probate, allowed by the state law for the purpose of giving to the probate its ultimate and final effect. We say the words 'action or suit inter partes' must have this significance, because, unless that be their import, it would follow that a state may not allow any question to be raised concerning the right to probate at the time of the application, or any such question thereafter to be made in an ancillary probate proceeding without depriving itself of its concededly exclusive authority over the probate of wills. This may be readily illustrated. Thus, if a state law provides for any form of notice on an application to probate a will and authorizes a contest before the admission of the writing to probate, then it would follow, if the words suit or action of inter partes embraces such a contest, the proof of wills, if contested by a citizen of another state or alien, would be cognizable in the courts of the United States and hence not under the exclusive control of the state probate court. Again, if a state authorized a will to be proved in common form, that is, without notice, and allowed a supplementary probate proceeding by which the probate in common form could be tested, then, again, if such a contest be a suit inter partes, it would also be of federal cognizance."

It will be noticed that the court refers to proceedings which are merely ancillary to the probate proceedings allowed by the state law, which would seem to be considered matters in which this court has no jurisdiction, and such is this case. It is a proceeding authorized by the state statutes, as I have stated, and is a proceeding only for the proper construction of the will, not a suit inter partes in any proper sense at all. I think this decision in Farrell v. O'Brien, when thoroughly examined, will prove to be conclusive of the question here. This does not seem to be a removable case for this reason.

Another contention of counsel representing the motion to remand in this case is, under the statutes as they now stand (Judicial Code [Act March 3, 1911, c. 231] § 28, 36 Stat. 1094 [Comp. St. § 1010]), that the right to remove the case from the state court to this court could not exist because of the situation of the parties. This provision of the statute is:

"And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the District Court of the United States for the proper district."

It is the nonresident defendants who may remove the case when there exists a controversy which is separable. The fact that there is a defendant or defendants whose interests are the same as those of the parties removing the case, who is a citizen or who are citizens of the state where the suit is pending, would defeat the right of removal. The contention is that in this case certain parties, and especially Edgar L. Smith, would be aligned, placing the parties in their proper positions in this case, on the same side as the removing defendants, and consequently no removal could properly be had. As more fully expressed in the brief of counsel on the motion to remand, the contention is as follows:

"If the case is removable as a whole, diverse citizenship must exist as to the case as a whole. If a separable controversy alone is sought to be removed, the controversy must be really separable, and the requisite diversity must exist in that controversy. We say that there is no separable contro-

versy, and, if there were, the citizenship still would not be diverse, and that in the case as a whole no arrangement of parties according to real interest could produce a diverse citizenship. As pointed out in the argument, the petitioners for removal have exactly the same interest, and make exactly the same contention, as do all the other descendants of Robert Smith, Sr., the half-brother of testator. At least one of those others, Edgar L. Smith, is making an active and aggressive fight for that contention, and his interest and contention is exactly the same as that of petitioners for removal. Any arrangement of parties according to real interest would place him, being a citizen of Georgia, on the same side of the controversy with petitioners, with Mrs. Shehane, a citizen of Georgia, on the other side. The court could not decide either for or against Mrs. Shehane, without deciding also against or for both the petitioners and Edgar L. Smith. And the same is true of every claimant who claims against Mrs. Shehane's right to the whole estate."

I cite this contention of the parties seeking to remand this case without determining it, because I place the decision of the court on the ground that this proceeding in the state court is a part of the probate proceedings or connected therewith and ancillary thereto in such a way as to make it really part of the same, and for that reason it is not a proceeding which can be removed into the United States court. A very interesting and pertinent case is Security Co. v. Pratt (C. C.) 64 Fed. 405.

There is nothing in the well-prepared brief of counsel for the removing parties which militates against what has been said above about the law controlling the right to remove here. Counsel who argued the case for the removing parties seem, on the question of the right of this court to entertain the case at all, to rely on the case of Waterman v. Canal-Louisiana Bank & Trust Co., 215 U. S. 33, 30 Sup. Ct. 10, 54 L. Ed. 80, and several other cases cited in his brief. I do not think this case, or any of them, when thoroughly examined, conflict with what was decided in Farrell v. O'Brien, supra, as to what class of cases concerning or growing out of probate proceedings this court would have jurisdiction.

Whatever may be true as to the cases previously decided, a recent decision by the Supreme Court, which has come to my attention since I have had this case under investigation (Sutton v. English, 246 U. S. 199, 38 Sup. Ct. 254, 62 L. Ed. 664), is, I think, determinative of the matter. In the opinion in this case, by Mr. Justice Pitney, the following occurs:

"By a series of decisions in this court it has been established that since it does not pertain to the general jurisdiction of a court of equity to set aside a will or the probate thereof, or to administer upon the estates of decedents in rem, matters of this character are not within the ordinary equity jurisdiction of the federal courts; that as the authority to make wills is derived from the states, and the requirement of probate is but a regulation to make a will effective, matters of strict probate are not within the jurisdiction of courts of the United States; that where a state, by statute or custom, gives to parties interested the right to bring an action or suit inter partes, either at law or in equity, to annul a will or to set aside the probate, the courts of the United States, where diversity of citizenship and a sufficient amount in controversy appear, can enforce the same remedy, but that this relates only to independent suits, and not to procedure merely incidental or ancillary to the probate; and, further, that questions relating to the interests of heirs, devisees, or legatees, or trusts affecting such interests, which may be determined without interfering with probate or assuming general administration,

are within the jurisdiction of the federal courts where diversity of citizenship exists and the requisite amount is in controversy. Broderick's Will, 21 Wall. [U. S.] 503, 509, 512 [22 L. Ed. 599]; Ellis v. Davis, 109 U. S. 485, 494, et seq. [3 Sup. Ct. 327, 27 L. Ed. 1006]; Farrell v. O'Brien, 199 U. S. 59, 110 [25 Sup. Ct. 727, 50 L. Ed. 101]; Waterman v. Canal-Louisiana Bank Co., 215 U. S. 33, 43 [30 Sup. Ct. 10, 54 L. Ed. 80]."

The proceeding in the state court which is sought to be removed here certainly must be considered a suit supplemental or ancillary to the probate proceeding, and if it be such this authority is controlling on the question, without considering former decisions of the Supreme Court.

There is another matter which probably needs mention in connection with the disposition of this case. That is the order of the judge of the superior court removing the case to this court, which is as follows:

"Now therefore, said petition and bond are hereby accepted, and it is hereby ordered and adjudged that this cause be and it is hereby removed to the United States District Court of the Northern District of the Eastern Division of Georgia, and the clerk is hereby directed to make up the record in said cause for transmission to said court forthwith. Said removal relates to and affects only the four above-named nonresident defendants, this court retaining jurisdiction as to the other defendants."

It is well understood, of course, that a case is removed as a whole, even though it is removed on the ground of a separable controversy. What effect should be given to this order of Judge Hodges I am not prepared to determine, except to say that, inasmuch as the case is controlled, in my opinion, by what has already been said, it is unnecessary to pass upon the character and effect of this order.

The case will be remanded to the state court from which it was removed.